ALBANY,
Jan. 1832.

Marvin
v.
Feeter.

MARVIN and others *vs.* FEETER and others.

A promissory note for the payment of a particular sum, with interest from a day
    anterior to the date of the note, in itself affords no evidence of *usury.*
Nor is it *usurious,* on selling a note payable at a future day, to take a note for
    the principal and interest of the note sold computed to the day of sale, without
    making a *rebate* of interest.

THIS was an action of assumpsit, tried at the Rensselaer cir-
cuit in June, 1830, before the Hon. JAMES VANDERPOEL, one
of the circuit judges.

The facts upon which the questions of law presented in this
case arise are as follows: On the 17th September, 1828, the
defendants purchased of the plaintiffs four promissory notes
which they held against a mercantile firm transacting busi-
ness under the name of Sprague & Dann; these notes all
bore date on the 17th March, 1828, and were payable as fol-
lows: $1000 on the 1st August, 1828, $1000 on the 1st Oc-
tober, 1828, $1000 on the 1st December, 1828, and $1415,63
on the 1st February, 1829, *with interest from the 24th Novem-
ber,* 1827. When the defendants purchased these notes, the
interest on them was computed to the 17th September, 1828,
and added to the principal, and four notes were given by the
defendants for the amount thus ascertained, payable in 1, 2, 3
and 4 years; no *rebate of interest* was made. The suit was for
the recovery of one of the last mentioned notes. The defend-
ants insisted that the notes of Sprague & Dann were *on their
face usurious,* inasmuch as they provided for more than seven
per cent. interest for the time accruing between their date and
the day of payment; and they further insisted that the notes
of the *defendants* were *usurious,* because a *rebate* of interest had
not been made on the interest charged on the three notes of
Sprague & Dann, which had not become due at the time of
the negotiation between the plaintiffs and the defendants.
The judge decided that neither of those facts afforded evidence
of usury, to which decision the defendants excepted. The
plaintiffs having obtained a verdict, the defendants now moved

for a new trial, insisting that the above decision of the circuit judge was erroneous.

*J. A. Spencer,* for defendants.

*S. Dutcher, jun.* for plaintiffs.

*By the Court,* SAVAGE, C. J. The first objection is, that the original notes were usurious upon their face, and therefore the present plaintiffs had notice of the usury. It is true that the notes promise the payment of interest from a time anterior to the date of the notes, and if the notes were to be considered as evidence of money lent at their date, there would perhaps be more than seven per cent. reserved ; but it is well known that notes are given for property sold, and upon other business transactions, as well as for money lent. Usury is a defence which must be strictly proved, and the court will not presume a state of facts to sustain that defence, where the instrument is consistent with correct dealing. If a merchant sell goods upon a credit of six months after the sale the purchaser gives his note bearing interest from the time of the sale, the transaction is an honest one. Where an instrument will bear two constructions, one of which will render it operative and the other void, the former should be adopted. 3 Cowen, 290. So where facts are to be presumed in relation to a contract, those should be preferred which render the instrument valid : it is sufficient in this case that a note so drawn is not necessarily usurious.

Another ground of usury relied on is, that interest was cast upon the notes which had not become payable, and included in the defendants' notes. The answer is that no interest was cast which had not in fact accrued, though it was not payable because the principal was not payable ; but there was no usury. The defendants purchased the notes given by Sprague & Dann at a certain price, for which they gave their notes. There was no loan of money, and they gave no more than the amount of principal and interest; but if they had given more, that of itself would not be evidence of usury.

Judgment for plaintiffs.