Smith *v.* Webb.

---

suit are residents of the city of New-York, but that one of them resides in Seneca county and the other in Monroe, and that the suit was commenced after the first Monday of July, 1847.

The motion was opposed on an affidavit stating that Ernest Fiedler of New-York was the real plaintiff in interest, that the declaration was served on the 16th of August, that a circuit was appointed for the first Monday of October, at which the cause could be tried, and that the plaintiff would lose a trial if the motion should be granted.

*W. Watson,* for the plaintiff.

*G. H. Stryker,* for the defendant.

GREENE GENERAL TERM, October 25, 1847.     *Harris, Parker, and Watson,* Justices.

### SMITH *vs.* WEBB and others.

Letters testamentary issued in the state of Connecticut will not sustain a suit brought by executors in the courts of this state.

But when the plaintiffs, though executors appointed in a foreign state, are also the owners of the bond and mortgage on which the bill is filed, as residuary legatees and by purchase of the interest of their co-legatee, the title having thus passed by delivery, though without any written assignment, they may sue in the courts of this state.

Smith *v.* Webb.

Where, immediately after a negotiation for the loan of money, the lender goes into an adjoining room, and, the borrower not being present, states to a third person the terms of the transaction, such declarations constitute no part of the *res gestæ*, and are incompetent evidence for the purpose of establishing the defence of usury.

The declarations of a prior holder of a chose in action, made while he was such holder, are not admissible in evidence against a subsequent purchaser, who has acquired title by paying a valuable consideration.

They are only admissible when made by a party in interest, or by one through whom the plaintiff claims by representation.

The fact that the party who made such declarations has since died, does not render them admissible.

In Equity. In this case a bill was filed in the late court of chancery for the purpose of foreclosing upon two mortgages; one executed by Alexander Webb to the plaintiffs on the 1st of April, 1840, to secure the sum of $1650, with interest at 7 per cent; and the other executed by Webb to Stephen Smith, of New Canaan, Fairfield county, Connecticut, on the 31st of October, 1838, to secure the payment of $2500, "with lawful interest of the state of Connecticut." The latter bond and mortgage were executed in the state of Connecticut, where the money was loaned which formed their consideration. The land covered by the mortgage was in the state of New-York. Stephen Smith was the brother of the plaintiffs, and died at his residence in Connecticut, about five years before the filing of the bill, having made a will, by which he bequeathed his property (after the payment of three legacies) to the plaintiffs and their brother, Minot Smith, as residuary legatees. By said will the plaintiffs were also appointed executors of Stephen Smith, deceased, and took out letters testamentary in the state of Connecticut. No letters have been taken out in this state. The legacies were paid, and on a division of the residue, the bond and mortgage in question were taken by the plaintiffs; who, in consideration therefor, relinquished their interest in the obligations to Minot Smith.

Hiram Lake was a subsequent purchaser of the premises covered by the mortgage to the plaintiffs. The other facts necessary to an understanding of the points decided, sufficiently appear in the opinion of the court.

The defence of usury was interposed to both mortgages.

The cause was brought to a hearing before the Hon. Anthony L. Robertson, late assistant vice chancellor of the first circuit, who made a decree for a foreclosure of the mortgage executed to the plaintiffs, and adjudged the bond and mortgage executed to Stephen Smith to be void for usury. The costs of the respective parties to the time of entering the decree were directed to be paid by the parties respectively.

The plaintiffs appealed from so much of the decree as declared the bond and mortgage to Stephen Smith void for usury, and from the direction as to costs.

*A. Thompson,* for the plaintiffs.

*Caleb Day,* for the defendants.

*By the Court,* Parker, J. The bond and mortgage in question were executed by Alexander Webb to Stephen Smith, the brother of the plaintiffs. Stephen Smith died in the state of Connecticut, having made a will by which he appointed the plaintiffs his executors, and by which he bequeathed his property, after the payment of certain legacies, by a residuary clause, to the plaintiffs and their brother, Minot Smith. The plaintiffs administered in the state of Connecticut, but have not taken out letters in this state. The legacies have been paid, and in the division of the property under the will, the bond and mortgage in question were taken by the plaintiffs; they having conveyed to Minot Smith their interest in other property bequeathed, in consideration of which the latter transferred his share in the bond and mortgage to the plaintiffs.

It is first objected by the defendants, that this suit is not sustainable, on the ground that the plaintiffs have not taken out letters testamentary in this state. This would be a fatal objection, if the plaintiffs here sought to recover in a representative capacity. (2 *Kent's Com.* 432. *Lee* v. *Bank of England,* 8 *Vesey,* 44. *Morrell* v. *Dickey,* 1 *John. Ch. Rep.* 153. *Kerr* v. *Moon,* 9 *Wheat. Rep.* 565.) But this suit is not brought by

the plaintiffs as executors of Stephen Smith, deceased, but as absolute owners of the bond and mortgage. To the extent of one-third of their interest, the plaintiffs are in fact purchasers for a valuable consideration, from Minot Smith, their co-legatee. The title passed by the delivery to the plaintiffs, who in this court are fully authorized to bring the suit in their own names, without a formal written assignment. We concur, therefore, on this point, with the learned assistant vice chancellor, in believing that no letters testamentary need be taken out in this state, to enable the plaintiffs to maintain this suit.

The next and principal ground of defence is, that the bond and mortgage are void for usury. The evidence to sustain this defence is confined to the declarations of Stephen Smith, deceased, as proved by the testimony of Hannah ·Maria Klaffer. It is important, therefore, to examine first, whether these declarations are admissible evidence against the plaintiffs in this suit. The assistant vice chancellor was mistaken in holding that these declarations were a part of the *res gestæ.* They were not declarations accompanying the act in question, nor statements constituting part of the negotiation. They were no part of the transaction itself; nor do they characterize or explain it. (1 *Phil. Ev.* 231. 1 *Cowen & Hill's Notes,* 585.) Here the witness testifies that after the bargain was concluded, and on the evening of the same day, Stephen Smith related to the witness what he had done. It is like the case of *Bruce* v. *Lusk,* (4 *Yerger,* 210,) where the holder of a check went into a bank, and when he came out said he had demanded payment. This declaration was held inadmissible to prove a demand, as being no part of the *res gestæ.* It is claimed, however, on the part of the defendant, that the declarations and admissions of Stephen Smith, made while he was holder of the bond and mortgage, are competent evidence against the plaintiffs in this suit, because they derive title through him.

The various and somewhat conflicting decisions bearing upon this point, have been · recently and fully reviewed by Senator Lott, in the late court for the correction of errors, in *Paige* v. *Cagwin,* (7 *Hill,* 361,) and the rule established by the decision

in that case was in accordance with previous adjudications of the late supreme court of this state. It was there held that the declarations of a prior holder of a note, or vendor of a chattel, are not admissible in evidence against a subsequent purchaser, who acquired title for a valuable consideration, and that such declarations are only admissible, where made by a party really in interest, or by one through whom the plaintiff claimed by representation. The rule is only applicable when there is an " identity of interest" between the assignor and assignee. This " identity of interest" is said, in *Fitch* v. *Chapman*, (10 *Conn. Rep.* 8,) to exist " when the nominal party was suing in fact for the benefit of a third person." Hence it is said such admissions are not evidence against a purchaser for a valuable consideration, or where there is a bona fide transfer by which the whole title passed to the assignee. This is undoubtedly the safe and correct rule. It had been previously recognized in this state to the full extent, in *Hurd* v. *West*, (7 *Cowen*, 752,) and *Beach* v. *Wise*, (1 *Wend.* 612.)

We think there can be no doubt but the application to this case, of the rule thus settled, excludes the evidence in question. The plaintiffs do not sue as executors, nor do they claim to recover in a representative capacity. They obtained one third of their interest by purchase from Minot Smith, and paid for it a valuable consideration ; and as to the remaining two thirds, they are exclusively the owners. It is unnecessary to decide whether this evidence would have been competent, if the plaintiffs had obtained their whole title to the property by gift or devise from Stephen Smith. The fact proved by Minot Smith, that the plaintiffs assigned to him their interest in other obligations in payment for his share of the bond and mortgage, relieves this question from difficulty. The plaintiffs being purchasers in good faith, and for a valuable consideration, cannot be subjected to loss by the previously made admissions of a third person having no interest in the suit. It makes no difference that Stephen Smith is now dead. The case of *Beach* v. *Wise* above cited, and also *Stark* v. *Boswell*, (6 *Hill*, 405,) are decisive on this point.

We come to the conclusion, therefore, that the declarations of Stephen Smith were not competent testimony, and that they should have been excluded. The fact that the bond and mortgage bore date about a month before the loan was made, would not of itself, and unexplained, make the transaction usurious. (*Marvin* v. *Feeter*, 8 *Wend.* 533. *Archbold* v. *Thomas*, 3 *Cowen*, 290.) There being no evidence of a corrupt agreement between the parties, the defence of usury entirely fails.

The view we have taken of this cause on the merits, renders it unnecessary for us to inquire whether the transaction in question would be governed by the laws of this state, or by those of Connecticut; whether the allegations in the answer were sufficient to admit the defence; or whether they correspond with the facts proved.

That part of the decree of the assistant vice chancellor appealed from must, therefore, be reversed, and the plaintiff must take the usual decree on foreclosure, with costs of the original suit, and of the appeal, to be taxed.

---

. Same Term. *Before the same Justices.*