## SERÉ a. COIT.

*Supreme Court, First District; Special Term, December,* 1857.

ACTION FOR LEGACY.—INFANT PLAINTIFF.

The complaint of an infant plaintiff suing by guardian *ad litem,* claimed to recover a legacy under a will proved abroad; but did not show letters of administration or of guardianship taken out in this State, nor was the foreign executor made a party.

*Held,* on demurrer, 1. That an objection for insufficiency in the statement of the appointment of plaintiff's guardian *ad litem,* could only be raised by motion to make the complaint more definite and certain.

2. That where a legacy is given of specific securities the legatee may sue in his own name to recover them, on obtaining the assent of the executor; and such assent, where no debts remain unpaid, may be compelled.

3. That a statement in the complaint that the foreign executor had closed the duties of his trust and been discharged, sufficiently showed his assent that the action should be brought by the legatee.

4. That there was no necessity for the appointment of a domestic administrator, no debts payable out of the property being pretended.

Demurrer to complaint.

This action was brought by Victor Seré and Louis Gonzalo Seré, an infant, suing by his guardian *ad litem,* against Henry A. Coit.

ROOSEVELT, J.—Mrs. Isabel Orsono O'Farrell, a widow lady residing in the island of Cuba, was the owner, at the time of her death, of certain city and State stocks of New York and Ohio, of the par value of $13,200, the certificates for which were in the hands of Mr. Henry A. Coit, the defendant, in this city. She died at Havana, in July, 1854, leaving a will, by which she gave, among other things, the above-mentioned securities to her nephew, Louis Gonzalo Seré. The legatee being a minor, his father, Victor Seré, was appointed his " tutor or guardian," and the estate bequeathed by the will of the aunt " has been placed in his charge, as tutor or guardian, or representative of his son, according to the laws of the island of Cuba." Both have united in demanding the securities.

Mr. Coit demurs to the demand, on various grounds; insists

principally on the supposed insuperable objection that no letters of administration or guardianship have been taken out in this State, and that even the foreign executor himself is no party to the suit.

One portion of the alleged difficulty is met by the fact stated on the face of the complaint—that the infant plaintiff sues, as he has a right to do (2 *Rev. Stats.*, 115, 446; *Code*, §§ 115, 116), by "a guardian duly appointed for the purpose of this action."

If that statement were deemed too general, the proper course, instead of demurring, was by motion to make it more definite. The objection of insufficiency in the mode of statement cannot be raised by demurrer. Under the Code, such objections must be raised before, if at all, or be deemed waived.

If the statement were not well founded in fact, the defendant, instead of demurring to its sufficiency, should have denied its truth.

Besides, there is no danger in allowing a suit in the name of the infant; for, should a judgment be recovered, rule 54 of the Supreme Court provides that the guardian *ad litem* shall not receive the money or property awarded without first giving security to the infant,—a condition which, as the guardian was "duly appointed," may be presumed to have been already complied with, according to law.

As to the other branch of the objection, it is undoubtedly the general rule that debts due in this State to deceased residents of other States and countries can only be sued by executors or administrators appointed within this State, and subject, as such, to its authority and control. But where, as in this case, a legacy has been given of specific securities, the legatee himself may sue for their possession, if he have first obtained the assent of the executor, whether that executor be of foreign or of domestic origin. And such assent, where no debts remain unpaid, is a matter, not of choice, but of positive obligation. If not given freely, it can be compelled—and if not given expressly, it can be implied. (See the authorities collected in *Jacob's Law Dictionary*, tit. *Executor;* also *Dayton's Surrogate;* Smith *v.* Webb, 1 *Barb.*, 230.)

As to the executor's assent to the legacy, in the present suit, it is admitted—for such is the effect of demurring—that "Jose Pastor, the sole acting executor of the will, after having duly

and legally executed and fulfilled his duties as such according to the laws of Cuba, has been discharged from the office of executor by the decree of a competent court of judicature on the island, according to the laws thereof; and that since such discharge he has, to the knowledge of the defendant (Coit), refused and disclaimed, and still refuses, to make any claim to the stock aforesaid, or to assume any further control over the estate in any capacity." Such a statement, it seems to me, in the absence of any suggestion of outstanding indebtedness, under the present liberal code of pleading, is a sufficient averment on demurrer of the required assent; especially when taken in connection with the other statement, already quoted, that the property bequeathed to young Seré—in other words, the legacy in question—had been regularly, according to the Cuban laws, placed in charge of his father, the co-plaintiff with him, "as tutor" (the civil-law designation of guardian) of his son. Assent on the part of the executor to the legatee's taking possession of the securities bequeathed is not required for its own sake, but merely as an admission or evidence that the property given is not necessary for the payment of debts of the testator, and may therefore rightfully be the subject of gift.

The only substantial question is, are there any debts? In the present instance, as already shown, none are pretended, and the executor has closed his trust and been fully discharged. His disclaimer, under such circumstances, and refusal to assume any control over the bequeathed securities, is a full warrant to the legatee. If, then, the legatee himself may sue, of what consequence is it that a domestic administrator should be appointed? The same reason which allows the one dispenses of the other. A domestic administrator is only required with a view to domestic debts. Property within the jurisdiction is retained when there are creditors within the jurisdiction. It is with a view to their interests—and with that view only—that a domestic administrator is insisted on. When the reason for the rule, as in this case, ceases, the rule ceases, or should cease. *Cessante ratione, cessat lex*—no creditors, no administration. Defendant's demurrer overruled, and judgment to be entered for delivery of the certificates of stock to the plaintiffs, and payment of such interest as may have been received thereon.