Mr. Justice CLIFFORD
 

 delivered the opinion of the court.
 

 Judgment in this case was for the plaintiff in the court below, and the defendants in that court sued out a writ of error and removed' the cause into this court. The action was assumpsit, and the cause of action was the two promissory notes set forth in the bill of exceptions. Plea was the general issue, and the bill of exceptions shows that the plaintiff, to maintain the issue on his part, introduced in evidence the two promissory notes on which the suit was founded. They were introduced without objection, and the bill of exceptions states to the effect that there was no other evidence introduced by either party. Defendants moved for a new .trial, and also in arrest of judgment, but the court overruled both motions, and the defendants excepted to .the rulings of the court.
 

 Settled rule of the court is that a motion for a new trial is addressed to the discretion of the court, and that the ruling of the court in granting or denying such a motion is not the proper subject of exceptions.
 
 *
 

 Motions in arrest of judgment present questions of law
 
 *503
 
 when they are so framed as to call in question the sufficiency of an indictment or of a declaration in a civil suit; but the transcript does not contain the motion, and the declaration, appears to be in due form and sufficient to sustain the judgment.
 

 Defects of form in the writ or declaration, not pointed out by demurrer, are not in genera] regarded in this court as good cause for reversing a judgment brought here by writ of error, as the Federal courts possess the power to permit such imperfections to be amended in their discretion and upon such terms and conditions as the rules of the court prescribe.
 
 *
 

 Neither of the objections taken to the action of the Circuit Court and embodied in the bill of exceptions 'are urged in this court, and being in themselves entirely untenable, they must be considered as having been abandoned. Nothing else remains to be considered in the case except what arises from the form and tenor of the notes, which are set forth at large in the bill of exceptions, but without any comment or any objection being made to the right of the plaintiff to recover.
 

 • Examined throughout, the transcript shows no objection to the right of the plaintiff" to recover on the second note' in the case, and as it is not suggested by the defendants, that there is any defence to that note, further comment in that behalf is' unnecessary. Attention of this court is invited only to the other note, and the argument is that it is illegal and void, because it secures by its very terms usurious in ' terest. Legal interest in that State is six per cent, per annum, unless otherwise agreed between the parties, but contracts between the borrower and the lender of money may be made for a higher rate not exceeding ten per cent, per annum, as in this case, provided the agreement to. that effect is expressed “ in the face of the contract,” whether evidenced by bond, bill, note,- or other written instrument.
 
 †
 

 
 *504
 
 Debts created for the loan of money under an agreement to pay ten per cent., expressed as required in the statute, may be subsequently renewed for the same rate of interest, but the provision is that if any greater amount of interest than ten per cent, per annum is paid or agreed to be paid for the use of money, “the whole amount of interest so paid, or agreed to be paid, shall be forfeited by the payee.” Provision is also made by the sixth section of the act, that any person or persons who shall violate the provisions of that law shall be subject to indictment, as in other cases of misdemeanor, and be punished as therein provided.
 
 *
 

 Principal reason now urged for the reversal of the judgment is, that the first note described in the bill of exceptions is illegal, because the makers of the same promised to pay interest on the principal at the rate of ten per cent, per annum, commencing the computation two months and a half before the date of the note. Date of the note is November 15, 1860, and the agreement, as expressed in the note, is to pay interest at the rate of ten per cent, per annum from and after the first day of September last until paid.
 

 Argument for the defendants is that the contract is usurious, and that, inasmuch as the loaning of money at a greater rate of interest is prohibited by law, and the violation of the provision is declared to be a misdemeanor, the contract expressed in the note is illegal, and that the judgment should have been for the defendants. <•
 

 Suppose it be admitted that the presumption is as contended by the-defendant, that the note was given for the loan of money, and that the contract is illegal, still the presumption is not a conclusive one, as the note may have been given for the purchase of goods, chattels, or lands, and the bargain may have been made and the property actually transferred on the exact day specified in the note, as the time from which interest is to be computed.
 

 Promissory notes, if given under those circumstances, though bearing intertest anterior to their date, are neither
 
 *505
 
 usurious uor illegal, unless the day described in the contract from which to compute the interest is anterior to the actual date of the transaction and’the transfer of the subject-matter of the purchase and sale, and it is quite clear that promissory notes in such a case, as between the original parties, are open to explanation.
 

 Where the defendant intends to make such a defence he should plead it in the court of original jurisdiction, or raise the question in some form and present it for the decision of the court. Doubtless he may raise the question by plea, by objection to the introduction of the note in evidence, or by a prayer for instruction to-the jury, but he cannot remain silent in the subordinate court and then present the objection for the first time in the court of errors, when it is too late for the plaintiff to offer any explanations, or to show what was the real nature and character of the transaction.
 

 Nothing of the kind was don.é or suggested in this case by the defendants, but they pleaded the general issue,^giving no notice of any such defence, and the note was introduced at the trial without objection, and there is nothing iñ the record to show, or tendingto show, that the circuit judge ever made or was requested to m'ake any ruling upon the subject.
 

 . Parties relying upon such an objection should raise it at the trial before the jury, when the other party would have an opportunity to offer any explanations in his power to show that the contract was legal and valid.
 

 Bills or notes promising the payment of interest from a time anterior to their date, if the bills or notes so written are to be considered as conclusive evidence that they were-given for money lent on. the day of their date, w-ould properly be regarded as usurious, but it 4s well known that'bills and notes are often giveD subsequent to the transaction which constitutes their consideration and for property sold, and' upon other transactions as well as for money lent. “Usury is a defence that must be strictly proved, and the court will not presume a state of facts to sustain that defence where the instrument is consistent with correct dealing,”
 
 *
 

 
 *506
 
 Universal rule is that where an instrument will bear two constructions .equally consistent with its language, one of which will rend,er it operative and the other void, the former will be preferred.
 
 *
 

 Theory of the defendants is that the note is usurious and illegal on its face, but the authorities are clearly the other way, that the presumption is that the note was given upon a state of fact?' which authorized the taking of the instrument, and'that the contract was lawful aud valid.
 
 †
 

 Tested as matter of principle, or by the decided cases, the better opinion is that the presumption is that such a contract is valid and not usurious, and that the burden to prove the contrary is upon the party who makes the charge.
 

 Judgment aeeirmed.
 

 *
 

 Henderson
 
 v.
 
 Moore, 5 Cran. 11; Blunt
 
 v.
 
 Smith,
 
 7
 
 Wheaton, 248.
 

 *
 

 1 Stat. at Large, 91; Stockton
 
 v.
 
 Bishop, 4 Howard, 155; Railroad
 
 v.
 
 Lindsay, 4 Wallace, 650.
 

 †
 

 Sess. Act, chap. 41, § 1, p. 31.
 

 *
 

 Sess. Act, p. 33, Code, 863.
 

 *
 

 Marvin
 
 v.
 
 Feeter, 8 Wendell, 533; Holden
 
 v.
 
 Pollard, 4 Pickering, 173.
 

 *
 

 Archibald v. Thomas, 3 Cowen, 290.
 

 †
 

 Andrews et al.
 
 v.
 
 Hart et al., 17 Wisconsin, 307; Leavitt
 
 v.
 
 Pell, 27 Barbour, 332; Levy
 
 v.
 
 Hampton, 1 McCord, 147.