Sutton, J.
The defendant is indicted for having forged the name of Wm. H. Woodward to an instrument of which the following is a copy :
“ $50.00. Utica, N. Y., Jan. 15, 1880.
“ Six months after date I promise to pay to the order of Christine Eckhart fifty dollars, at the First National Bank of Utica, value received, with interest at 7 per cent.
“No. Due July 15th, 1880. F. C. Fadmer.
“ Wm. H. Woodward.”
To the indictment the defendant interposes a special plea, setting forth : 1. That the indictment is void, for the reason that the note alleged to be forged is usurious and void on its face. 2. That one Alta Fadner was called and sworn and examined as a witness, and testified and gave evidence before said grand jury, upon *463 which said indictment was found or predicated in whole or in part. That the said Alta Fadner and Fredric C. Fadner were married and she became his—defendant’s —wife on the 20th day of August, 1872 . . ., and that after said marriage said defendant lived and cohabited with said Alta as his wife.
To the special plea the people interposed a demurrer.
. The objection to the indictment that it is void on its face is not available under a special plea. Defendant’ s true course is to demur to the indictment for this reason or move to quash.
The office of a special plea is to raise an issue upon facts not apparent upon the record, and which could not be raised under the plea of not guilty, as, for instance, a former conviction or acquittal.
The plea is defective because it does not allege that Alta Fadner was defendant’s wife at the time she was sworn before the grand jury. That from the fact that she and the defendant were married in 1872, they are to be presumed to maintain that relation until the contrary affirmatively appears, is a rule of evidence, not of pleading. Strict accuracy and precision are required in framing special pleas. If the allegation of the plea may all be true and fall short of a defense,the plea is bad.
Upon the argument of this case counsel for the defendant also moved to quash, for the reason that the indictment was void upon its face, as set forth in the plea.
This motion we have entertained. The statute under which the defendant is indicted reads as follows :
“Every person'who, with intent to injure or defraud, shall falsely make, alter, forge or counterfeit any instrument or writing being or purporting to be the act of another by which any pecuniary demand or-obligation shall be or shall purport to be credited . . . by which false making, forging, altering, or counter- *464 felting, any person may be affected, bound, or in any way injured in Ms person or property, upon conviction thereof shall be adjudged guilty of forgery in the third degree.”
The question in this case is, may Woodward or any other person be affected, bound or in any way injured in Ms personal property by having Woodward’s name forged to a promissory note usurious on its face %
The answer to this question would seem- to be found in the answer to another, viz.:—would the maker of this note, if genuine, be compelled to defend, in order to protect himself from judgment, in an action founded upon it %
If the note in the form set forth in the indictment be the subject of legal proceedings in which a judgment may be lawfully recovered against the maker on' default, then he may be injured, within the meaning of the statute.
It is an injury to be compelled either to defend a suit or suffer judgment.
The defense of usury is available only upon plea, and it cannot be proved or made available as a defense under a general denial (Tyler on Usury, 458, 463).
We are unable to find a single case in which a demurrer was interposed to raise the defense of usury, and are inclined to think that the-defense would not be available on demurrer in a suit brought upon this note.
It would, however, be an inj ury to compel the party whose name is forged to demur or suffer judgment. An action might be brought upon this note in any other State of the Union, and the defense then would be necessarily taken by answer, for the usury laws of this State would be questions of fact to be proved upon the trial, and if the maker did not defend, a valid judgment might be recovered against him.
The defense of usury cannot for the first time be *465 raised in an appellate court (Tyler on Usury, 463; Ewing v. Howard, 7 Wall. 499).
We therefore conclude that the demurrer should be sustained and the motion to quash denied.