### SCHEIDIG *v.* BEMIS *et al.*

(*Supreme Court, General Term, Third Department.* December 12, 1890.)

USURY—EVIDENCE.

A note for "eighty-five dollars and fifty-eight cents, with three years' interest at six per cent.," payable one year from the date thereof, is not *prima facie* usurious. Following *Marvin* v. *Feeter*, 8 Wend. 533.

Appeal from judgment on report of referee.

Action by Fred Scheidig against Edward H. Bemis and Marion E. Bemis, brought upon a promissory note made by the defendants, payable to the order of the plaintiff, for the "sum of eighty-five dollars and fifty-eight cents, with three years' interest at six per cent., at the First National Bank of Glens Falls, N. Y., one year from the date of said note." The answer of the defendants does not deny any allegation of the complaint, but sets up a plea of usury, alleging that plaintiff agreed to extend the time of payment of the said sum of $85.58 for one year, upon condition that the said defendants should execute their note for that amount, "and also pay to the plaintiff three years' interest upon said $85.58, one year from the date thereof, being $10.26 more than the lawful interest upon the same." The cause came on for trial before a referee. Before any evidence was taken, defendants moved to dismiss the complaint, and for judgment in their favor, upon the ground that the complaint did not state facts sufficient to constitute a cause of action. Plaintiff then offered to prove that, at the time of the making and delivery of the note, defendant, Edward H. Bemis, was owing plaintiff $85.58 for goods purchased by him three years previous thereto, and that the note in suit was given as security to pay that indebtedness. Plaintiff also offered to prove that defendant, Edward H. Bemis, was indebted to plaintiff at the time of the execution of the note in the sum of $85.58, with three years' interest thereon. Defendant duly objected to the proof offered, on the ground that the question before the court was upon the sufficiency of the complaint; that the proof was incompetent; and that the facts sought to be proved were not alleged in the complaint. The referee sustained the objections, and granted the motion to dismiss, with leave to plaintiff to move to amend the complaint within 30 days. Upon the application of the plaintiff, the motion to dismiss, and the question as to whether the note set forth in the complaint was usurious, were reargued before the referee on the 25th day of June following, with the same result. No motion to amend was made. From the judgment entered in favor of defendants, the plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

H. *Prior King*, for appellant.    D. *S. Potter*, for respondents.

LEARNED, P. J. The defendants must make out their title to relief on the ground of usury by allegation and proof. *Bank* v. *Boynton*, 105 N. Y. 656, 11 N. E. Rep. 837. They cannot assert that the complaint in this case shows no cause of action; because the note is not void for usury unless there was a loan or forbearance of money, goods, or things in action. 1 Rev. St. marg. p. 772, § 5. If real estate is sold, and the purchase-money mortgage is ante-dated, this is not usurious. *Frank* v. *Davis*, 6 N. Y. Supp. 144. The cases cited by defendants, holding that obligations which on their face appeared to be made by a married woman showed no cause of action, do not apply. This note does show a cause of action, unless it should appear that the considera-tion therefor was such that more than 6 per cent. interest was agreed upon. But the note itself does not show what was the consideration for which it was given. It was undoubtedly competent for the plaintiff to show, if it be-came necessary to do so, the consideration of the note, so as to disprove any usury which might be asserted by defendants.

But, furthermore, the note is not *"prima facie* usurious." This is dis-tinctly laid down in *Marvin* v. *Feeter*, 8 Wend. 533. The defense there was twofold—*First.* That the original notes for which the notes in suit were given were usurious. Those original notes, bearing date March 17, 1828, bore interest from November 24, 1827, and it was claimed that therefore they were usurious. The court said: "If the notes were to be considered evi-dence of money lent at their date, there would perhaps be more than 7 per cent. reserved. But it is well known that notes are given for property sold, and for other business transactions, as well as for money lent. If a merchant sells goods upon credit, and six months after the sale the purchaser gives his note bearing interest from the time of the sale, the transaction is an honest one." To the same effect is the language of the court in *Ewing* v. *Howard*, 7 Wall. 505. We cannot learn from the note itself what was the considera-tion for which the defendants gave it; whether they received goods or money, or, if money, how much. Until that is shown, the note does not show that it is usurious. A merchant selling goods may charge for credit more than the legal rate of interest, and the transaction will not be usurious. Judgment reversed, referee discharged, new trial granted, costs to abide the event.