(25 Misc. Rep. 16.)

### PEOPLE ex rel. BACHELOR v. BACON, Clerk.

(Supreme Court, Special Term, New York County. October, 1898.)

DEFECTIVE WRIT OF MANDAMUS.
　　On an application for mandamus to compel a clerk of a court to issue a transcript and execution on a judgment, the relator did not rely on the legal presumption of the continuance of the judgment, but, in addition to alleging the judgment, averred that it had not been satisfied or released; that no appeal had been taken from it or notice of appeal been given, as required by law; and that a stipulation gave the defendant a stay of execution until a date which had expired. *Held*, the writ was defective, since it did not state that the judgment continued in existence or in full force and effect.

Application for mandamus by the people, on the relation of George Bachelor, against Frank R. Bacon, clerk of the municipal court of the city of New York, borough of Manhattan, First district. The respondent demurs to the writ. Demurrer sustained.

Otto Kempner, for relator.
Alexander & Colby, for respondent.

DALY, J. This is a demurrer to an alternative writ of mandamus requiring the above-named clerk to issue a transcript and an execution upon a judgment entered in said court on January 12, 1898, in favor of the relator as plaintiff, and against Antonio Rasines as defendant, for $177.16, which judgment, says the writ, "was duly entered and docketed in the clerk's office of said court, and has not been satisfied or released by the said plaintiff or his attorneys, and that no appeal has been taken from said judgment, or notice of appeal has been given, as required by law, and that the attorneys of record for the said plaintiff by stipulation gave the said defendant a stay of execution until the 5th day of February, 1898." It is objected that the writ does not state that the judgment continues in existence or in full force and effect, and that the above allegations of the writ do not show that the judgment has not been set aside on motion according to the power vested in the justice. The suggestion is made upon the argument that that contingency has actually happened, namely, that the judgment has been set aside; and, while this is no part of the record before us, it may be considered with reference to the weight of the argument against the sufficiency of the pleading, and to show that, if it were necessary for the pleader to allege that his judgment had not been satisfied, released, reversed, or stayed, he was equally bound to negative its being set aside or vacated. It is answered that the averment of the continued existence of the judgment is unnecessary, since the presumption of continuance arises from its being shown to exist. This is a well-settled rule of evidence, and doubtless is applicable in ordinary cases to pleadings, although there are many cases to be found on both sides of that question. It has been held not to be a rule of pleading in People v. Fadner, 10 Abb. N. C. 462, and Wilkinson v. Dobbie, 12 Blatchf. 298–301, Fed. Cas. No. 17,670, but has been applied to pleadings in Van Rensselaer v. Bonesteel, 24 Barb. 365, and Duncan v. Spear, 11 Wend. 54. But in this case the relator has not chosen to apply to his own pleading the rule which he now seeks to invoke. He has not been content to rely upon the legal presumption of the continuance of his judgment, but has deemed it incumbent upon him to negative facts which might affect his record. By thus carefully rebutting those particular facts, he invites the inference that another fact may exist which would affect it, and which he has therefore forborne to mention, and which would destroy his right to relief. Judged by his own form of pleading, therefore, his writ is defective, and it does not seem necessary to force his adversary to set up as a defense the omitted fact, when, upon his own theory of pleading, he was bound to negative such fact with the others enumerated by him. Judgment for defendant on demurrer, with costs, with leave to amend in 20 days on payment of costs.

Ordered accordingly.