(31 Misc. Rep. 364.)

## In re GARDINER.

(Court of General Sessions, New York County. March, 1900.)

**1. INDICTMENT—SETTING ASIDE—EVIDENCE BEFORE GRAND JURY—CONSIDERA-TION.**

Since the enactment of Laws 1885, c. 348, providing for the appointment of a stenographer whose duty it is to take all the evidence before the grand jury, the court, in passing on the legality of an indictment, may examine into such evidence.

**2. SAME—PRESENTMENT—SIMILARITY.**

A presentment filed by a grand jury is subject to the same control by the court as an indictment.

**3. SAME—SETTING ASIDE—POWER OF COURT.**

Code Cr. Proc. § 313, requiring the setting aside, on motion, of an indictment, when any person other than a judge of the court or the district attorney was present while the indictment was under consideration, does not deprive the court of its inherent power to set aside an indictment for any reason wrongfully found.

**4. SAME—LEGAL EVIDENCE—NECESSITY.**

Under Code Cr. Proc. § 256, providing that the grand jury can receive none but legal evidence, where the grand jury's minutes do not show a presentment to have been found on legal evidence, it will be set aside.

**5. SAME—DECLARATION BY GRAND JUROR—SWEARING—NECESSITY.**

Code Cr. Proc. § 259, providing that if a member of the grand jury know of the commission of a crime he must declare the same to his fellow jurors, who must investigate the same, does not permit the finding of an indictment without such juror being sworn.

**6. SAME—UNAUTHORIZED ADVICE—EFFECT.**

Under Code Cr. Proc. § 262, providing that the grand jury may only ask advice of the judge or the district attorney, a presentment made on advice of a witness given in response to a question by a grand juror should be set aside.

Application by Asa Bird Gardiner to strike out a presentment filed by a grand jury. Motion to strike denied, but motion treated as a motion to set aside such presentment, and granted.

Samuel Untermyer, for the motion.
Wheeler H. Peckham, opposed.

FOSTER, J. This is an application made by Asa Bird Gardiner, district attorney of New York county, to strike out and expunge certain portions of a presentment filed in this court March 29, 1900, by the March grand jury, on the ground that the same are without warrant in law and unsupported by evidence, and because of misconduct and violation of law by such grand jury. Coupled with this is an application for leave to file the minutes of such grand jury, so far as they relate thereto, with the clerk of the court. The presentment was filed March 29, 1900, and, that being the last day of their regular term, the grand jury was thereupon discharged by the learned recorder who then presided in part 1. A rule of this court requires that all ex parte applications and motions be made before part 1 of this court, or to the judge presiding therein. This application was so made on the next court day, the first Monday of April (April 2), 1900. Because of the seeming novelty of the application, and of the possible important interests involved, the court directed

that notice thereof be given to the attorney general, that he might be heard in opposition, if he so desired. The motion has been very fully and ably argued both by the counsel for the petitioner and special counsel for the attorney general. I have examined with care the exhaustive briefs filed by both counsel.

Let us first examine the history, duties, and powers of the grand jury. "The grand jury had its origin at the time when there raged a fierce conflict between the rights of the subject and the power of the crown. It was established to secure to the subject a right of appeal to his peers, under the immunity of secrecy and irresponsibility, before the government could bring him to trial. It was a right wrung from the government to secure the subject against oppression. * * * The constitution of the United States and the constitutions of all the states show that it is adopted here as a means of protection to the citizen, as well as a necessary aid to public justice." People v. Naughton, 7 Abb. Prac. (N. S.) 421, 426, 427. The constitution of this state provides "that no person shall be held to answer for a capital or otherwise infamous crime," except in cases of petit larceny under the regulation of the legislature, unless on "presentment or indictment of the grand jury" (Const. art. 1, § 6), and a similar provision is found in the constitution of the United States. Now what is a presentment? Justice Stephen J. Field, in his celebrated charge to the grand jury in August, 1872 (2 Sawy. 663, Fed. Cas. No. 18,255), says:

"A presentment differs from an indictment in that it wants technical form, and is usually found by the grand jury on their own knowledge, or upon the evidence before them, without having any bill from the public prosecutor. It is an informal accusation, which is generally regarded in the light of instructions upon which an indictment can be framed. This form of accusation has fallen into disuse since the practice has prevailed (and the practice now obtains generally) for the prosecuting officer to attend the grand jury, and advise them in their investigations."

Such a presentment was, therefore, a proceeding preliminary to an indictment. As such it was, necessarily, secret, like the indictment itself before arrest. "With us this proceeding is too little used to have established any general American practice." 1 Bish. Cr. Proc. (4th Ed.) § 137, subd. 1. In the proposed Code of Criminal Procedure submitted by David Dudley Field, David Graham, and Arphaxed Loomis to the legislature of this state in 1850 it was provided that the grand jury could proceed by "presentment or indictment," and the presentment therein referred to was equivalent to what is known to our practice as an "information," and upon which the committing magistrate proceeds with an examination. While this proposed Code was, in substance, adopted by the legislature of this state in 1881, the provisions relating to "presentments" were not adopted, and they did not become law of this state. Therefore a presentment, as a means, or as a link in the chain, to hold a person to answer for a crime, it may be safely said, is now unknown to the law of this state. "Sometimes, however, our grand juries make a sort of general presentment of evil and evil things, to call public attention to them, yet not as instructions for any specific indictment. No one could be called to answer to such a presentment."

1 Bish. Cr. Proc. (4th Ed.) § 137, subd. 2. The presentment in question is of the latter class. While it may be observed that the court has tolerated, rather than sanctioned, such presentments of things general, yet the grand jury should never, under cover of a presentment, present an individual in this manner, for, if it have legal evidence of the commission of the crime, it should find an indictment against him upon which he could be held to answer, and, if it have no such evidence, it ought, in fairness, to be silent. The powers of the grand jury extend only to questions of crime. Its functions are not executive, but judicial. It is, in fact, a preliminary tribunal, and it is furnished with inquisitorial powers only for the purpose of examining into crimes. The origin and the purpose of the grand jury was, as I have shown, for the protection of the citizen. It was rightly said by Judge King, in the case of Lloyd v. Carpenter, 5 Pa. Law J. 62:

"Grand juries are high public functionaries. They are the great security to the citizen against vindictive persecution, either by government or political partisans, or by private enemies. In their independent action the persecuted have found the most fearless protectors, and in the records of their doings are to be discovered the noblest stands against the oppression of power, virulence of malice, and the intemperance of prejudice."

Such being the powers and duties of the grand jury, it remains to consider the authority of the court in reference to its proceedings, the mode in which that authority may be asserted, and the reasons which justify its exercise. It is claimed that this presentment solemnly and publicly charges the district attorney, by imputation, with the commission of a crime, which it fails to specify, and that it is unauthorized by law, unwarranted by the evidence, scandalous in its origin and character, and a flagrant abuse of the powers and privileges of a grand jury; and this motion is made upon the ground of the inherent power and control of the court over its own judgments, orders, records, and proceedings, of which the minutes of the grand jury and its presentment form a part. Interesting and novel as the question is, it is not necessary, entertaining as I do the views herein expressed, for me to pass upon or decide the question whether, under the law and our present practice, the grand jury has the right to make and file such a presentment. The presentment, having been placed upon the files of this court, has become a record of the court. This is so, whether or not it was authorized by law, from the mere fact of its having been filed. Having been so filed, I shall not expunge it, or order it stricken from the files. Were I to do so, there could be no appeal if I am wrong in the views herein expressed. The striking or blotting out or expunging of the presentment might effect its physical destruction, and thus prevent its proper review by the appellate tribunal. The grand jury is a constituent part of the court, and is under its general supervision and control. The court "inquires" by the grand jury, and "tries and determines" with the petit jury. 1 Bish. Cr. Proc. (4th Ed.) §§ 142, 738; U. S. v. Kilpatrick (D. C.) 16 Fed. 769; State v. Squire, 10 N. H. 558. The court's control over the proceedings of the grand jury continues and may be exercised after the grand jury has adjourned. People v.

Naughton, 38 How. Prac. 435; State v. Cowan, 1 Head, 280; Clem v. State, 33 Ind. 418. The minutes of evidence taken before the grand jury are a part of the records of the court, and remain in its custody (State v. Little, 42 Iowa, 51), and such is the common practice of this court. In early days no record was kept of the testimony taken before the grand jury. Thus, in Lord Mohun's·Case, 1 Salk. 104, it was said: "If a man be found guilty of murder by a grand jury, the court cannot take notice of their evidence, which, by their oaths, they are bound to conceal." Thus the court may not bail a defendant charged with murder by a grand jury, because they regard the finding by a grand jury too great a presumption of defendant's guilt to admit him to bail. Otherwise if charged with murder before a coroner, or a committing magistrate. People v. Baker, 10 How. Prac. 574; Territory v. Benoit, 1 Mart. (La.) 142. This practice is now entirely changed. By Laws 1885, c. 348, a stenographer is appointed, whose duty it is to take all the evidence before the grand jury in shorthand, and to write it out, and give the district attorney a copy; but the district attorney may not permit any one to make a copy of it without the written order of the court. It is the usual and ordinary practice of the court to permit an inspection of the minutes, or to order them filed, in a proper case. People v. Molineux, 27 Misc. Rep. 61, 57 N. Y. Supp. 936, and many cases there cited in the able opinion of Judge Blanchard. In People v. Clark (O. & T.) 14 N. Y. Supp. 642, in granting a motion to quash certain counts of an indictment for want of evidence, Presiding Judge Van Brunt, after referring to several cases where such motions had been granted, said:

"In all those cases it has been assumed, and rightly so, that sound reasons of public policy demand that the court should have the power of passing upon preliminary questions respecting the legality of indictments, and that, to prevent oppression, wrong, and outrage, it is absolutely necessary that over all the preliminaries preceding a trial there should be the same judicial control as of the proceedings upon the trial itself."

As an illustration of this principle, and of the extent to which the courts have gone in exercising this control independent of the authority of any statute, the presiding judge in the case mentioned cited Christal v. Kelly, 88 N. Y. 290, where it is expressly held that the power to amend process and pleadings is inherent in the court as a part of its ordinary jurisdiction, and Hatch v. Bank, 78 N. Y. 490, where the plaintiff's motion to set aside a judgment nearly three years after it had been entered and paid, and to be allowed to claim an additional sum, was granted, and the order was affirmed by the court of appeals, notwithstanding the provision of the Code permitting a court to relieve a party from a judgment within one year; it being held that the court, independent of the Code, had an inherent power over its judgments. In granting a motion in the United States circuit court to quash an indictment, Mr. Justice Story says:

"The grand jury is the grand inquest between the government and the citizen. It is of the highest importance that this institution be preserved in its purity, and that no citizen be tried until he has been regularly accused by the proper tribunal. And, this indictment having been found irregularly, and upon the statement of a witness without oath, a cassetur must be ordered." U. S. v. Coolidge, 2 Gall. 367, Fed. Cas. No. 14,858.

If this be true of a formal indictment, how much more is it true of an informal presentment! Clearly, it is not only the right, but the duty, of the court to examine and supervise the proceedings of the grand jury. U. S. v. Farrington (D. C.) 5 Fed. 345, opinion of Wallace, J. The proper proceeding in such a case is by motion to set aside or to quash the indictment or information or presentment. People v. Shattuck, 6 Abb. N. C. 34; People v. Fadner, 10 Abb. N. C. 462; Eichenlaub v. State, 36 Ohio St. 140; Hope v. People, 83 N. Y. 418; People v. Moore, 65 How. Prac. 177; U. S. v. Coolidge, 2 Gall. 364, Fed. Cas. No. 14,858; People v. Clark (O. & T.) 14 N. Y. Supp. 642; People v. Naughton, 38 How. Prac. 430. It is clear, therefore, both upon principle and authority, that a presentment thus filed is as much a record of the court as an indictment found or proceedings had by the grand jury, and is subject in like manner and degree to the control of the court. I shall therefore entertain this as a motion to set aside the presentment, and apply to it the same rules and principles that the law applies to such a motion respecting an indictment.

Code Cr. Proc. § 313, provides that an indictment must be set aside by the court, upon the defendant's motion, when a person has been permitted to be present during the session of the grand jury while the charge embraced under the indictment is under consideration, except as provided in sections 262–264, and these sections (262) provide that the grand jury may in any case ask the advice of any judge of the court or of the district attorney of the county; and (263) that, whenever required by the grand jury, it shall be the duty of the district attorney to attend them for the purpose of examining witnesses in their presence, or of giving them advice on any legal matter, and of issuing subpœnas or other process for witnesses; and (264) that no district attorney, officer, or other person shall be present with the grand jury during the expression of their opinions, or the giving of their votes upon any matter. This section has been held by the courts in a long line of decisions to require the court to set aside an indictment for the grounds therein mentioned, but not to deprive it of its inherent power to set aside an indictment wrongfully found, and in the interest of justice. People v. Molineux (Sup.) 58 N. Y. Supp. 155 (opinion of Williams, J., April, 1899); People v. Brickner (O. & T.) 15 N. Y. Supp. 528 (opinion of Rumsey, J.); People v. Clark (O. & T.) 14 N. Y. Supp. 642 (opinion of Van Brunt, J.); People v. Vaughan (Co. Ct.) 42 N. Y. Supp. 959 (opinion of Hurd, J.). And section 671 of the Code of Criminal Procedure gives the court power, in furtherance of justice, to order even an action after indictment to be dismissed. This very motion is not without precedent. In June, 1893, the grand jury of the county of Kings filed a presentment wherein they censured the then mayor of the city of Brooklyn for certain acts deemed by them wrongful, and wherein they expressed their regret that they were unable to find an indictment therefor. Thereupon the mayor, feeling aggrieved, applied to the court for a copy of the minutes of the grand jury relating to the subject-matter of such presentment, and the court (Judge Moore, a judge of long service and high repute, presiding) duly granted such motion, and a copy of the order therein is to be found in the Brooklyn Eagle of July 19, 1893. Thereupon the mayor

moved the court to strike out and expunge said presentment. A copy of the able and convincing brief of ex-Judge Benjamin F. Tracy in support of such motion has been submitted to me on this application, and I desire to acknowledge the great aid I have thus received from that eminent jurist on this question. It has not been made to appear that any order was entered on this motion, although the then district attorney of Kings county has stated in a letter read in court that an order was entered granting such motion to strike out and expunge the presentment. Such being the powers and duties of the court, I have felt it incumbent upon me to read carefully all the testimony taken before the grand jury relating to the presentment in question, and all the correspondence and other documentary evidence therein referred to, and I am clearly of the opinion that certain parts of the presentment should be set aside, for the following reasons:

First. There is no evidence whatever to justify it. The legislature has required the grand jury to receive none but legal evidence. Code Cr. Proc. § 256. Other evidence is not evidence at all in law. See opinion of Justice Pardon C. Williams in People v. Molineux (Sup.; April, 1899) 58 N. Y. Supp. 155. It has limited the way in which that evidence may be given (Code Cr. Proc. § 255), and it has forbidden the grand jury to indict without evidence which proves the crime so that a trial jury would convict (section 389). See opinion of Rumsey, J., in People v. Brickner (O. & T.) 15 N. Y. Supp. 528. I must assume that the official stenographer, in the absence of any evidence, or even suggestion, to the contrary, performed his sworn duty to furnish a full copy of all testimony taken, and therefore that all testimony is before me. A careful examination of the entire record not only shows no evidence to sustain or warrant the presentment, but the mass of correspondence, also of record, which I have carefully examined, and which is the only evidence before me of the advice given by the district attorney, and the relations existing between him and the grand jury, shows beyond a peradventure that whenever questions were put to him asking for his advice he gave that advice, and it appears to have been sound legal advice. It is urged by the learned counsel opposed that the grand jury made the presentment on facts not in evidence, but on their own knowledge. While in early times a grand jury may have had the right to make such a presentment on facts within their own knowledge, they cannot do so under our laws to-day. The Code of Criminal Procedure (section 259) provides: "If a member of the grand jury know, or have reason to believe that a crime has been committed which is triable in the county, he must declare the same to his fellow jurors, who must thereupon investigate the same;" and this, taken in connection with the other provisions of the Code, would seem to require that such grand juror be sworn. It was, therefore, the plain and bounden duty of the grand jury, or any individual member thereof, if they or he had knowledge of the guilt of the person charged in the presentment, to bring that evidence before the grand jury under oath, and to find an indictment upon which the person accused could be held to answer.

Second. The grand jury plainly violated section 262 of the Code of Criminal Procedure in seeking advice other than that of a judge of the

court or the district attorney of the county. It appears that the Rev. Charles H. Parkhurst appeared as a witness, and was sworn, and, after describing the society of which he is the president, and giving some hearsay testimony as to the police department, was asked and answered as follows:

"Q. by a Juror: How would you suggest we would now proceed in this matter in order to secure the most effective results? A. When I came before the grand jury in 1892, the same question was put to me. I took the liberty of saying to the gentlemen that I doubted whether any particular indictments that were found would be available; but, if they saw their way clear to make a presentment in regard to the general condition of the force, I thought it would be helpful. The help was immense. * * * "

This was doubtless said and done with the best of intentions, but the statute prescribes who shall be the advisers of the grand jury. Even the accused, whose rights the grand jury was established to protect, cannot be represented by counsel before it, much less the accuser. The mere presence in the grand-jury room of such an advisor, or any advisors other than those prescribed therein, is made by the statute imperative ground for setting aside the indictment. When such an advisor is not only present, but is asked to give his opinion under cover of testifying to facts within his personal knowledge, it is the plain duty of the court to set aside the indictment or (in this case) the presentment. That the grand jury asked for, accepted, and received the advice of a person other than the ones prescribed by statute is evident from the question and answer referred to. The illegality of these proceedings does not depend solely on the Code. It is a principle of universal law that persons shall not be allowed to appear as solicitors before the grand jury. In Com. v. Salter, 2 Pears. 466, the court said, "The right of neither the commonwealth nor the accused is to be jeopardized by the presence and action of such an intruder." Mr. Justice Field, in the charge to which I have already referred, directed, in strong terms, the grand jury not to allow private prosecutors to intrude themselves into the grand-jury room, and present accusations. On this subject he dwelt at length, and referred to high authority urging the importance of securing grand juries against outside influence and improper interferences, which he says, if allowed, would introduce a flood of evils disastrous to the purity of the administration of justice, and subversive of all confidence in the action of this legal body. In People v. Sellick, 4 N. Y. Cr. R. 329, it was deemed sufficient reason for granting a motion to set aside an indictment that an attorney interested in securing an indictment had communicated his views to that end. The court said:

"Certainly no value can be attached to the doings of a tribunal so to be approached and influenced, so to abused and misled; and we think, in a case where such circumstances are shown to exist, where such communications as are shown in this case to have been made to members of the grand jury, that it should be conclusively presumed that the grand jury was influenced by them, and that the affidavits of individual members of the grand jury should not be heard to contradict such presumption."

I must therefore disregard the affidavits filed in opposition to the motion.

But it may be claimed that Dr. Parkhurst was a witness. True, he was an ostensible witness, but that does not alter the effect of such unauthorized communication and advice to the grand jury, nor can such a form of improper influence be sanctioned. Under the character of a witness, and in the grand-jury room, advice was given, which, if employed outside, would vitiate the whole proceeding. See, also, Lewis v. Commissioners, 74 N. C. 194. "Their [i. e. the grand jury's] findings," say the court, "must be their own, uninfluenced by the promptings or suggestions of others, or the opportunity thereof." See, also, U. S. v. Kilpatrick (D. C.) 16 Fed. 765.

Third. The grand jury received other than legal evidence. It is unnecessary to state that the "testimony" of such "witness" was not legal evidence. Such evidence could never be admitted in a court upon a trial. It is not enough to say that, inasmuch as the petitioner cannot be held to answer, and as it is a mere communication between the grand jury and the court, it is "a finished and concluded thing, an incident that is closed,—un fait accompli,"—and that, therefore, the court is without power to act. If that be so, the petitioner has been accused by a duly-organized grand jury, on their oaths, of grave and serious offenses. He has had no hearing, no opportunity to prove his innocence, no opportunity for defense. If the court is powerless to consider this presentment, or to determine whether it is well founded or not, then the petitioner is deprived of his good name,—that dearest of all earthly possessions,—without a trial, without a hearing, and without the slightest pretense or shadow of "due process of law," which hears before it condemns. Indictments found by a grand jury, though in law mere ex parte accusations, which cannot be offered in evidence, nor even used in any way to affect a person's character or credibility (Ryan v. People, 79 N. Y. 593), are frequently regarded by the community at large as tantamount to a conviction. "It is a grave matter to charge any person with a crime, whether the charge be false or true. Its consequences may encompass a lifetime, and be transmitted from generation unto generation. And it is as much the duty of the court to protect the innocent as to punish the guilty. It is as important to a person that he be fairly and justly accused of crime as that he be fairly and impartially tried therefor." 4 Cr. Law Mag. p. 171. Can it be that the defendant is without remedy? He certainly is unless this court can set aside the presentment. On principle and on authority I must conclude that he is not. The presentment of the grand jury at best can have no force or effect unless it is sustained by the evidence. It is proper, therefore, that the minutes of the testimony before the grand jury should be filed with said presentment. An order may therefore be entered to that effect, and denying the petitioner's motion as a motion to strike out and expunge the said presentment so far as it improperly affects the petitioner, but granting it in so far as it is a motion to set it aside for the reasons herein expressed.

Settle order on one day's notice, when the court will determine what portions of such presentment may be set aside.