■ S. ROBERT GETTINGER et al., Appellants-Respondents, v. LATTINGTOWN HARBOR DEVELOPMENT CO., INC., Respondent-Appellant.— In an action to recover damages for breach of a contract to construct a road in front of certain real property purchased by plaintiffs from defendant, the defendant counterclaimed for the foreclosure of a purchase-money mortgage allegedly in default and given by plaintiffs to defendant to secure plaintiffs' purchase-money bond, such counterclaim also being designated as a fourth defense; and the plaintiffs in their reply to such counterclaim interposed the defense of usury and a counterclaim for cancellation of the bond and mortgage as void for such usury. The parties cross-appeal as follows from an order of the Supreme Court, Suffolk County, dated February 28, 1962: (1) Plaintiffs appeal from so much of said order as denied their motion, made pursuant to rule 112 of the Rules of Civil Practice, for judgment on the pleadings in their favor. (2) Defendant appeals

from so much of said order as denied its cross motion: (a) to dismiss plaintiffs' reply on the ground it was not timely served; and (b) in the alternative, pursuant to rule 103 of the Rules of Civil Practice, to strike out as sham and frivolous the defense of usury embodied in said reply. Order, insofar as appealed from, affirmed, without costs. In our opinion, judgment on the pleadings was properly denied. It is true that plaintiffs' purchase-money mortgage, dated February 25, 1957, provided for the payment of interest at 6%, to be computed as of an earlier date, to wit, January 1, 1957. Nevertheless, in the absence of any showing to the contrary, it is generally assumed that a contract for the payment of money which bears interest from a time prior to the date of its execution may be justified by the circumstances attending its execution (91 C. J. S., Usury, § 32; *Marvin* v. *Feeter*, 8 Wend. 533). It appears from the affidavit submitted in support of the cross motion that proof of such circumstances will be adduced at the trial. Nor do plaintiffs dispute the defendant's claims: (a) that the proper date for closing adjustments was January 1, 1957, and (b) that the postponement of the title closing until a later date was solely at their request and for their convenience. Under these circumstances, if an action for specific performance were brought by defendant against plaintiffs, the defendant might well be held to be entitled to recover interest on the mortgage from January 1, 1957 (see *Hirschfeld* v. *Borchard Affiliations*, 20 Misc 2d 680; *Scarlata* v. *Finazzo*, 125 N. Y. S. 2d 110). In our opinion, the Special Term also properly held that the defense of usury could not be stricken as sham or frivolous. Defendant's affidavit, although uncontroverted, did not demonstrate that the reply was made in bad faith or with an improper motive. Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.