## GHADIALI v. DELAWARE STATE MEDICAL SOC. et al.

### No. 1022.

District Court, D. Delaware.

June 27, 1939.

842

Dinshah P. Ghadiali, of Malaga, N. J., in pro. per.

E. Ennalls Berl (of Ward & Gray), of Wilmington, Del., for defendant.

NIELDS, District Judge.

The plaintiff is a citizen of the United States and a resident of the State of New Jersey. Of himself he alleges: "He is a retired Medical Doctor, a former Vice-President of the Allied Medical Associations of America, a member of the American Association of Orificial Surgeons, a member of the American Association for Medico-Physical Research, an Academician with the rank of Life Member in the Maryland Academy of Sciences and the like. He is a scientific Researcher of international repute, having numerous degrees and titles conferred upon him for his scientific researches."

Defendants, at the time of the happening of the alleged grievances hereinafter recited, were officials of the State of Delaware or of the City of Wilmington. Thus: William Henry Speer, C. J. Prickett, D. T. Davidson, E. L. Stanbaugh, A. L. Heck, A. V. Gilliand were members of Delaware State Medical Society; Percy Warren Green, C. Edward Duffy, C. J. Killorn were attached to the office of the Attorney General of the State of Delaware; Andrew J. Kavanaugh and Frank J. Mahoney were attached to the Police Department of Wilmington, Delaware.

Plaintiff alleges:

"That after very laborious and costly researches extending over many decades, he originated a certain novel Science popularly known for many years as Spectro-Chrome Metry, for the Normalation of Human Disorders, without the use of other methods commonly known prior to his said researches and origination. That in order to enlighten the public in the theories and practical methods connected with this original scientific system, he delivers all over the country certain free public lectures to those who are interested in progressive sciences and arts. That he teaches this Science of Spectro-Chrome Metry as the Originator, to Students (both professionals and laymen), in certain classes by free courses of instruction, elucidated by experiments with elaborate and expensive apparati; no fee is charged, no diagnosis is made and no treatment of any kind is given to anybody. That on Wednesday, October 22, 1932, he was delivering in the Odd Fellows Hall in Wilmington, Delaware, to one such class, such a free course of scientific instruction to a number of peaceful, law-abiding, respectable citizens, anxious to learn the new Science and study the merits and value involved therein, when he was arrested by the Police Department of Wilmington, Delaware, by a warrant sworn by William Henry Speer for and on behalf of the Delaware State Medical Society and imprisoned; on bond, he was later released. That thereupon, the Police Department of Wilmington, Delaware, ordered him to close his class in Wilmington, Delaware, which he did in obedience to the order, as a law-abiding citizen. That such action of the Delaware State Medical Society and the Police Department, resulted in public humiliation and degradation to the Complainant, injuring his scientific reputation, as well as professional business. That on Monday, March 20, 1933, Percy Warren Green, the present Attorney General, then the Deputy Attorney General of the State of Delaware and William Henry Speer, the present past President, then the President of the Delaware State Medical Society threatened him personally in Wilmington, Delaware, that they would have him arrested again should he renew his lecturing on Spectro-Chrome Metry in the State of Delaware; this disturbed the peace of mind of the complainant so much that as a last resort he was forced to seek relief by petitioning this Honorable Court. That such threats and actions on the part of the Respondents resulted in material detriment to the rights and privileges of the complainant, as are guaranteed under the Constitution of the United States of America and the Amendments thereto. That the complainant is also the inventor and patentee of a certain Color Wave Projection Apparatus for which he holds in his own right certain Letters Patent granted by the United States of America and identified by #1544973. That the complainant is also the inventor and patentee of a certain Electric Thermometer for which he holds in his own right certain Letters Patent granted by the United States of America and identified by #1724469. That both these patents are utilized by him in certain apparati for the practical work in the

demonstration and elucidation of the Science of Spectro-Chrome Metry. That his arrest and the threats issued by the respondents as stated herein, resulted and are resulting in material detriment to the Complainant in reaping the benefits guaranteed to him by the Constitution of the United States of America, through the grant of the patents stated herein and the Laws thereto pertaining. That such unlawful interference on the part of the Respondents prevents the Complainant from pursuing his lawful vocation as scientific lecturer, from exercising his right of freedom of speech, from deriving gainful satisfaction from his valuable scientific labors, inventions and patents, from presenting to the public the benefits of his scientific knowledge and in every way is proving disastrous to his legitimate activities as a citizen of the United States of America, such threats and actions of the respondents being in utter violation of the Constitution of the United States of America and the Amendments thereto, especially Amendments 1, 5 and 14 [U.S.C.A.]."

For relief plaintiff prayed: "That the respondents be permanently enjoined from interfering with the complainant's Constitutional rights as a citizen of the United States of America. That the respondents be permanently enjoined from interfering with the lectures of the complainant, on Spectro-Chrome Metry. That a permanent injunction be issued against the respondents, their associates, members staffs, agents, affiliates, servants, employees and such others under their direct or indirect control or instructions, ordering them to refrain from molesting the complainant in the peaceful enjoyment of his lawful vocation."

Defendants move to dismiss the amended complaint for the following reasons:

"1. Because the complainant has a complete and adequate remedy at law, and this court has no jurisdiction to grant the relief asked for in said Amended Bill of Complaint.

"2. Because said Amended Bill of Complaint does not state facts sufficient to constitute a cause of action against these defendants.

"3. That the alleged grounds stated to warrant the federal jurisdiction are frivolous and unsubstantial.

"4. Because it does not appear by said Amended Bill of Complaint that this Court has jurisdiction to hear and determine this cause.

"5. Because it does not appear by said Amended Bill of Complaint that this Court has jurisdiction of the subject matter of this cause.

"6. Because the Amended Bill of Complaint is insufficient in that it fails to state a valid cause of action in equity or any cause of action in favor of the complainant against these defendants."

### Constitution and Statutes.

The Constitution of the United States, Article XIV, U.S.C.A., provides: "Section 1. * * * No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; *nor shall any State deprive any person of life, liberty, or property, without due process of law;* nor deny to any person within its jurisdiction the equal protection of the laws." (Emphasis supplied.)

United States Code, Title 8, section 43, 8 U.S.C.A. § 43, provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

United States Code, Title 28, section 41, 28 U.S.C.A. § 41, provides:

"The district courts shall have original jurisdiction as follows:

* * * * * *

"Fourteenth. Of all suits at law or in equity authorized by law to be brought by any person to redress the deprivation, under color of any law, statute, ordinance, regulation, custom, or usage, of any State, of any right, privilege, or immunity, secured by the Constitution of the United States, or of any right secured by any law of the United States providing for equal rights of citizens of the United States, or of all persons within the jurisdiction of the United States."

The Revised Code of Delaware, 1915, § 849, Chapter 27, section 16, provides: "For the purpose of this Chapter, the words, 'practice of medicine or surgery,' shall mean to open an office for such purpose, or to announce to the public, or to any indi-

844

vidual, in any way, a desire or willingness or readiness to treat the sick or afflicted in any County in the State of Delaware, or to investigate or diagnosticate, or to offer to investigate or diagnosticate any physical or mental ailment, or disease of any person, or to give surgical assistance to, or to suggest, recommend, prescribe or direct for the use of any person, any drug, medicine, appliance or other agency, whether material or not material, for the cure, relief or palliation of any ailment or disease of the mind or body, or for the cure or relief of any wound, fracture, or bodily injury, or deformity, after having received or with intent of receiving therefor, either directly or indirectly, any money, gift, or any other form of compensation. It shall also be regarded as practicing medicine within the meaning of this Chapter if anyone shall use in connection with his or her name, the words or letters Dr., Doctor, Professor, M. D., M. B. or Healer, or any other title, word, letter or other designation which may imply or designate him or her as a practitioner of medicine, or surgery, in any of its branches; provided," etc.

### Finding of Fact

█ The court finds that the amended complaint filed in this equity suit alleges that on October 22, 1932, plaintiff was deprived by defendants of the liberty of free speech in violation of the fourteenth amendment to the Constitution of the United States, and further, that plaintiff, thereafter and at the time of the filing of said amended complaint and still, is threatened with such deprivation by defendants. The motion to dismiss the amended complaint admits the truth of these allegations for the purpose of determining the legal sufficiency of the complaint.

### Law

This motion to dismiss is ruled by the reasoning of Mr. Justice Stone in Frank Hague v. Committee for Industrial Organization, 307 U.S. 496, 59 S.Ct. 954, 968, 83 L. Ed. —. The police authorities in the Hague case proceeded under a void ordinance of Jersey City. Here the police authorities proceeded in violation of the Constitution of the United States under color of a valid statute of Delaware. This difference is without legal significance in this case. Likewise the added fact that in the Hague case the committee for industrial organization was driven out of town merely aggravated the deprivation of the right of free speech but did not furnish ground for the relief granted.

█ The Supreme Court of the United States has repeatedly held that freedom of speech is a liberty secured to all persons, without regard to citizenship, by the due process clause of the Fourteenth Amendment. The right to maintain a suit in equity to restrain State officers, acting under a State law, from infringing the right of freedom of speech guaranteed by the due process clause, is given by Act of Congress to every person and such a suit may be maintained in the district court without allegation or proof that the jurisdictional amount required by § 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1), is involved.

█ Here the issue is whether the present suit can be maintained under § 24(14) of the Judicial Code, 28 U.S.C.A. § 41(14), as a suit for the protection of rights and privileges guaranteed by the due process clause. It is enough that respondents have prevented plaintiff from holding meetings and disseminating information for a lawful purpose.

█ The right to maintain the present suit is conferred upon plaintiff by the due process clause and Acts of Congress. In the language of Mr. Justice Stone:

"Section 1 of the Civil Rights Act of April 20, 1871, 17 Stat. 13 [8 U.S.C.A. § 43 note], provided that 'Any person who, under color of any law, statute, ordinance * * * of any State, shall subject, or cause to be subjected, any person within the jurisdiction of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution of the United States, shall * * * be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress'. And it directed that such proceedings should be prosecuted in the several district or circuit courts of the United States. The right of action given by this section was later specifically limited to 'any citizen of the United States or other person within the jurisdiction thereof', and was extended to include rights, privileges and immunities secured by the laws of the United States as well as by the Constitution. As thus modified the provision was continued as § 1979 of the Revised Statutes and now constitutes § 43 of Title 8 of the United States Code, 8 U.S.C.A. § 43. It will be observed that the cause of action, given by the section in its original as well as its final form, extends broadly to deprivation by state action of the rights, priv-

ileges and immunities secured to persons by the Constitution. It thus includes the Fourteenth Amendment and such privileges and immunities as are secured by the due process and equal protection clauses, as well as by the privileges and immunities clause of that Amendment.

\* \* \*

"Since freedom of speech and freedom of assembly are rights secured to persons by the due process clause, all of the individual respondents are plainly authorized by § 1 of the Civil Rights Act of 1871 to maintain the present suit in equity to restrain infringement of their rights.

\* \* \*

"The conclusion seems inescapable that the right conferred by the Act of 1871 to maintain a suit in equity in the federal courts to protect the suitor against a deprivation of rights or immunities secured by the Constitution, has been preserved, and that whenever the right or immunity is one of personal liberty, not dependent for its existence upon the infringement of property rights, there is jurisdiction in the district court under § 24(14) of the Judicial Code to entertain it without proof that the amount in controversy exceeds $3,000. As the right is secured to 'any person' by the due process clause, and as the statute permits the suit to be brought by 'any person' as well as by a citizen, it is certain that resort to the privileges and immunities clause would not support the decree which we now sustain and would involve constitutional experimentation as gratuitous as it is unwarranted. We cannot be sure that its consequences would not be unfortunate."

Motion will be denied.