**MILLER v. RIVERS, Governor, et al.**
**No. 24.**

District Court, M. D. Georgia,
Valdosta Division.

Feb. 19, 1940.

Jas. A. Branch, of Atlanta, Ga., Franklin & Eberhardt, of Valdosta, Ga., and J. P. Knight, of Nashville, Ga., for plaintiff.

There was no appearance for defendants.

DEAVER, District Judge.

E. D. Rivers is Governor of the State of Georgia, and is a resident, citizen, and inhabitant of Lanier County, Georgia.

John E. Stoddard is Adjutant-General of the State of Georgia, and is a resident, citizen and inhabitant of Fulton County, Georgia.

W. L. Miller, the plaintiff, is a citizen of the State of Georgia and of the United States.

The plaintiff, W. L. Miller, was duly appointed and commissioned as chairman of the State Highway Board of Georgia, for a term beginning March 3, 1937 and ending February 1, 1943.

The office of chairman of the State Highway Board of Georgia is an office created by the laws of Georgia, and the salary of said office is $5,400 per annum.

On December 2, 1939 the defendant, E. D. Rivers, Governor of the State of Georgia, undertook to remove the plaintiff, W. L. Miller, as chairman of the State Highway Board of Georgia, by an order issued on that date.

On December 2, 1939 the defendant, E. D. Rivers, Governor of Georgia, undertook, by an order issued on said date, to appoint Lawson L. Patten to the office of the State Highway Board of Georgia, in place of W. L. Miller, the plaintiff.

On December 2, 1939 the defendant, E. D. Rivers, Governor of Georgia, issued an order directing that the plaintiff, W. L. Miller, be ousted and removed from the room in the Highway Building, which room had been assigned to and was then occupied by the said plaintiff, W. L. Miller,

as the office of the chairman of the Highway Board of Georgia, and the said defendant, E. D. Rivers, Governor of Georgia, at the same time ordered that said room be assigned to Lawson L. Patten as chairman of the Highway Board of Georgia.

On December 2, 1939 certain persons, to-wit, Marvin S. Griffin, Clay Camp and W. C. Grimes, acting under and pursuant to an order of the defendant, E. D. Rivers, Governor of Georgia, forcibly and violently removed the plaintiff, W. L. Miller, from said room in said Highway Building and from said Highway Building.

Following the removal of the said plaintiff, W. L. Miller, from said room and from said Highway Building on the night of December 2, 1939, the plaintiff, W. L. Miller, in the early morning of December 4, 1939 applied to the Superior Court of Lanier County, Georgia, for a restraining order and injunction against Lawson L. Patten, Marvin S. Griffin, Clay Camp and W. C. Grimes to restrain and enjoin them from interfering with, molesting, or obstructing the said plaintiff, W. L. Miller, in the occupancy of said room in said Highway Building, and from interfering with, molesting, obstructing or impeding him, the said W. L. Miller, in the performance of the duties of the office of chairman of the State Highway Board of Georgia, and from interfering with the said W. L. Miller in the possession, custody and control of the books, records and documents appertaining to the office of the chairman of the State Highway Board of Georgia, which were in the possession and under the custody and control and supervision of the said plaintiff, W. L. Miller, as such chairman.

Upon the presentation of said petition mentioned and described in the preceding paragraph hereof, a restraining order was granted by the Judge of the Superior Court of said Lanier County, Georgia, restraining the said Lawson L. Patten, Marvin S. Griffin, Clay Camp, and W. C. Grimes, their agents, confederates, employees, and all persons acting for them or in conjunction with them from interfering with, molesting or obstructing the said W. L. Miller in the performance of the duties of the office of chairman of the State Highway Board of Georgia, and from interfering with the said W. L. Miller in the occupancy of said room in said State Highway Building, and from interfering with, obstructing or in any manner molesting the said W. L. Miller in the possession, custody and control of the records, books and documents in his possession or under his custody and control as chairman of the State Highway Board of Georgia.

On December 7, 1939, after said restraining order mentioned and described in the preceding paragraph hereof had been granted, and after due notice thereof had been given to said parties, Lawson L. Patten, Marvin S. Griffin, Clay Camp, and W. C. Grimes, the said plaintiff, W. L. Miller, was again by force and violence employed by certain persons, including the said Marvin S. Griffin, removed from said room and denied the occupancy thereof and the possession, custody and control of the books, records and documents appertaining to the office of chairman of the State Highway Board of Georgia, which were then and had been in the possession and under the custody and control of the said W. L. Miller as such chairman.

On December 16, 1939 an interlocutory injunction was granted in said cause in the Superior Court of Lanier County, Georgia, against said Lawson L. Patten, Marvin S. Griffin, Clay Camp and W. C. Grimes, who had been duly served and who appeared and were represented at said interlocutory hearing; said interlocutory injunction by its terms enjoining them, the said Patten, Griffin, Camp and Grimes, and each of them, their agents, employees, servants and confederates and all persons acting for them or in conjunction with them, from interfering with, molesting or impeding the said plaintiff, W. L. Miller, in the performance of the duties of the office of chairman of the State Highway Board of Georgia, and in the occupancy of said room in said State Highway Building, which had been assigned to the said plaintiff and had been used by him as the office of the chairman of said State Highway Board of Georgia, and from interfering with the said W. L. Miller in the possession, custody and control of the books, records and documents appertaining to the office of chairman of the Highway Board of Georgia, and which were in the possession of or under the custody and control of the said W. L. Miller as said chairman.

On December 18, 1939 the said E. D. Rivers, Governor of Georgia, issued a proclamation purporting to declare martial law in and around the Highway Department Building of the State of Georgia, and or-

dering John E. Stoddard, as Adjutant-General of the State of Georgia, to place officers and men of the National Guard on duty and to establish military control over all the property and premises of said State Highway Department of Georgia, and to maintain such military control against all orders whatsoever until further ordered by the Governor.

On December 21, 1939 the Superior Court of Lanier County, with three judges presiding in a quo warranto proceeding, adjudicated that W. L. Miller is the legally appointed and qualified chairman of the Highway Board of Georgia and is entitled to have said office and to exercise the duties and to receive the emoluments of said office.

On December 21, 1939, the same court granted a mandamus absolute requiring Herman Watson and Lawson L. Patten as members of the Highway Board to recognize W. L. Miller as a member of said Board and to recognize W. L. Miller as chairman of said Board.

The purpose of said proclamation purporting to declare martial law and to establish military control over said State Highway Building and property was to prevent the plaintiff, W. L. Miller, from being permitted to perform the duties of the office of chairman of the State Highway Board of Georgia and from being permitted to occupy any portion of said State Highway Building, as chairman of said State Highway Board, and from being permitted to have and retain the possession, custody and control of the books, records and documents appertaining to said office of chairman of the State Highway Board of Georgia, and to obstruct and prevent the execution of the judgment of the Superior Court of Lanier County, Georgia, granted in said cause on December 16, 1939, as set forth and described in paragraph 13 of these findings.

Acting under and pursuant to said proclamation purporting to declare martial law, as set forth in paragraph 14 of these findings, the defendant, John E. Stoddard, as Adjutant-General of the State of Georgia, and officers and men under his command as such Adjutant-General, assumed to and did establish military control over said State Highway Building and property of the State Highway Department of Georgia located therein, and prevented the plaintiff, W. L. Miller, from having access to or the occupancy of said State Highway Building

or any portion thereof in the capacity of chairman of said State Highway Board of Georgia, and from performing or attempting to perform the duties of the office of chairman of said State Highway Board of Georgia.

On January 4, 1940 the said plaintiff, W. L. Miller, filed an amendment and supplemental petition in said cause in the Superior Court of Lanier County, hereinbefore described, in which said amendment and supplemental petition the said John E. Stoddard, Adjutant-General of the State of Georgia, and J. H. Skelton, a Lieutenant-Colonel of the Georgia State Militia, were named as parties defendant in said cause in the Superior Court of Lanier County, and in said amendment and supplemental petition it was prayed that the said Stoddard, Adjutant-General of the State of Georgia, and said Skelton, Lieutenant-Colonel as aforesaid, and all persons acting under them, be restrained and enjoined from interfering with, molesting or in any way obstructing the said plaintiff, W. L. Miller, in the performance of the duties of the office of chairman of the State Highway Board of Georgia, and from interfering with, molesting or obstructing said plaintiff, W. L. Miller, in the use and occupancy of the room in said State Highway Building, which had been assigned to and occupied by the said W. L. Miller as chairman of said State Highway Board of Georgia, and in the free access to said State Highway Building and the books, records and documents of said State Highway Department of Georgia.

A restraining order was granted on said amendment and supplemental petition mentioned and described in the preceding paragraph of these findings, restraining the said John E. Stoddard, Adjutant-General of the State of Georgia, and the said J. H. Skelton, Lieutenant-Colonel, and all persons acting in conjunction with them or under orders and directions from them, from interfering with, obstructing or molesting the said W. L. Miller in the performance of his duties as chairman of said State Highway Board of Georgia, and restraining said Stoddard, Adjutant-General, and said Skelton, Lieutenant-Colonel, from preventing and attempting to prevent said W. L. Miller from entering and occupying the said State Highway Building and the office therein, which had been assigned to and occupied by the said W. L. Miller as chairman of said State Highway Board, and from having full and free access to the

books, records and documents of the Highway Department in said building.

After the said John E. Stoddard, Adjutant-General of the State of Georgia, and the said J. H. Skelton, Lieutenant-Colonel, had been duly served with said amendment, supplemental petition and said restraining order, the said John E. Stoddard, Adjutant-General of the State of Georgia, and the said J. H. Skelton, Lieutenant-Colonel, did interfere with the said plaintiff, W. L. Miller, in the performance of his duties as chairman of the said State Highway Board of Georgia, and did prevent the said W. L. Miller from having access to and occupancy of the said State Highway Building and the room therein which had been assigned to and had been occupied by the said W. L. Miller as chairman of said State Highway Board, and from having access to the books, records and documents, in direct violation and defiance of said restraining order which had been granted on said amendment and supplemental petition, and which has been hereinbefore in these findings described.

The said John E. Stoddard, Adjutant-General of the State of Georgia, and the said J. H. Skelton, Lieutenant-Colonel as aforesaid, were duly cited for contempt in said cause in the Superior Court of Lanier County, Georgia, and on January 13, 1940, on the hearing of said contempt proceedings, the said John E. Stoddard, Adjutant-General as aforesaid, and the said J. H. Skelton, Lieutenant-Colonel as aforesaid, were adjudged in contempt and judgment was duly entered, ordering the arrest and imprisonment of said John E. Stoddard, Adjutant-General, and the said J. H. Skelton, Lieutenant-Colonel.

On January 13, 1940 an interlocutory hearing was had on the said amendment and supplemental petition in said cause in the Superior Court of Lanier County, Georgia, and an interlocutory injunction was granted enjoining said Stoddard, Adjutant-General, and the said Skelton, Lieutenant-Colonel as aforesaid, and all persons acting in conjunction with them or under orders from them, from interfering with, molesting or obstructing said plaintiff, W. L. Miller, in the performance of the duties of the office of chairman of the State Highway Board of Georgia, and from interfering with or molesting the said W. L. Miller in the use and occupancy of the said State Highway Building and the room therein which had been assigned to and which had

been occupied by the said W. L. Miller as chairman of said State Highway Board, and from interfering with or molesting him in the use, possession, custody and control of the books, records and documents of the Highway Department of the State of Georgia, which were under the custody and control of the chairman of the State Highway Board.

The said judgment granting an interlocutory injunction and the judgment finding and adjudging the said John E. Stoddard, Adjutant-General, as aforesaid, and the said J. H. Skelton, Lieutenant-Colonel, as aforesaid, in contempt of court and enjoining them as set forth in these findings, were judgments of a court having jurisdiction, and said judgments have not been appealed from and no supersedeas of said judgments has been granted.

On January 15, 1940 the defendant, E. D. Rivers, Governor of Georgia, issued a proclamation purporting to extend martial law to cover the Military Department of the State of Georgia, and ordering that the said John E. Stoddard, Adjutant-General of the State of Georgia, place officers and men of the National Guard to establish military control over all the property and premises of the Military Department of the State of Georgia, and to maintain such military control against all orders whatsoever until further ordered by the Governor.

On January 15, 1940 the said E. D. Rivers, Governor of Georgia, issued orders purporting to grant a full, complete and unconditional pardon to each, the said John E. Stoddard, Adjutant-General of the State of Georgia, and the said J. H. Skelton, Lieutenant-Colonel of the Georgia State Militia, "for the offenses and sentences imposed" upon them in said contempt proceedings in the Superior Court of Lanier County, Georgia on January 13, 1940, as hereinbefore in these findings set out.

The purpose and object of the said E. D. Rivers in issuing said proclamation purporting to extend martial law, as hereinbefore set out, and in purporting to pardon the said John E. Stoddard, Adjutant-General, and the said J. H. Skelton, Lieutenant-Colonel, was to obstruct and prevent the execution of the judgments granted in said cause in the Superior Court of Lanier County, as set out in these findings, and to prevent the plaintiff, W. L. Miller, from being allowed to perform the duties of the office of chairman of the State Highway Board of Georgia, and to have the use and

occupancy of the office of the chairman in the Highway Buiding of the State of Georgia, and to attempt to carry out and effectuate the plan and purpose of the said E. D. Rivers, Governor of the State of Georgia, to remove the said W. L. Miller as chairman from the office of chairman of the State Highway Board of Georgia, and to deny to the said W. L. Miller the relief and the protection of the rights adjudicated and decreed in his favor by said judgments.

The effect of the actions of the said E. D. Rivers, Governor of Georgia, and the said John E. Stoddard, Adjutant-General of Georgia, as set out in these findings of fact, has been to obstruct and prevent the execution of the judgments rendered in said cause in the · Superior Court of Lanier County, Georgia, in favor of the said W. L. Miller, plaintiff, and said acts and conduct are continuing to obstruct and prevent the execution and enforcement of said judgments and will continue to do so unless enjoined.

There was no condition of riot, insurrection, war, invasion or disorder or other condition which rendered necessary the establishment of military control over the Highway Department of the State of Georgia, or which rendered the civil authorities of the State of Georgia unable to preserve peace and to enforce the judgments of the courts of the State of Georgia, and the sole purpose of the efforts of the said E. D. Rivers, Governor of Georgia, to establish military control was to prevent the enforcement of the judgments rendered in said cause in the Superior Court of Lanier County in favor of the plaintiff, W. L. Miller. The courts were open and functioning and there was no break-down of the courts or the civil authorities, except as they were obstructed and interfered with by the said E. D. Rivers, Governor of Georgia, and those acting in conjunction with him and under orders from him.

The Sheriff of Fulton County, Georgia undertook, in compliance with the order granted by the Superior Court of Lanier County, Georgia, in said contempt proceedings against the said John E. Stoddard, Adjutant-General, and the said J. H. Skelton, Lieutenant-Colonel, as hereinbefore set out, to execute said judgment in said contempt proceeding, but was prevented from doing so by threats of force and by intimidation, and by notifying the Sheriff that arrest would be resisted with all military force necessary to prevent it.

The said E. D. Rivers, Governor of Georgia, and the said John E. Stoddard, Adjutant-General of Georgia, in their acts and conduct as set out in these findings of fact, have been and are acting under color of State authority as Governor and as Adjutant-General of said State, respectively, and the acts of said defendants in said matters are arbitrary, capricious and oppressive.

The value of the matter in controversy in this cause exceeds the sum of three thousand dollars ($3,000), exclusive of interest and costs.

The judgments rendered in said cause in the Superior Court of Lanier County, Georgia, as set forth and described in these findings of fact, are judgments of a court having jurisdiction of the parties and subject matter, and were rendered after due and legal service.

■ The Court has jurisdiction over this suit under Section 24(1) of the Judicial Code (28 U.S.C.A. § 41(1), and under Section 24(14) of the Judicial Code (28 U.S.C.A. § 41(14), and under 8 U.S.C.A. § 43.

■ The office of chairman of the State Highway Board of Georgia is an office created by the laws of Georgia, for a fixed and definite term of office.

The Governor of the State of Georgia has no power to remove the chairman of the State Highway Board of Georgia during the term of office of such chairman.

The action of the defendant, E. D. Rivers, Governor of Georgia, in attempting to remove the plaintiff, W. L. Miller, as chairman of the State Highway Board of Georgia, was beyond the power of the said defendant, and was illegal and void.

■ Under the laws of Georgia, the chairman of the State Highway Board of Georgia cannot be removed from his office or deprived of the right to fill said office and exercise the duties thereof and receive the emoluments thereof during his term of office, by the Governor, or by any tribunal, without notice and an opportunity of being heard, and a removal of such officer without such notice and opportunity of being heard would amount to a denial of due process of law and equal protection of the law.

■ The rights of plaintiff to hold his office and to perform the duties thereof unmolested have been adjudicated by the State Court by judgments not reversed or set aside and those judgments constitute the

law of the case as to those matters and are recognized as such by this court.

The proof has established a cause of action in favor of the plaintiff, W. L. Miller, in this case, under the due process and equal protection clauses of the Fourteenth Amendment of the Constitution of the United States, U.S.C.A., and under 8 U.S.C.A. § 43.

The acts of the defendants, E. D. Rivers, Governor of the State of Georgia, and John E. Stoddard, Adjutant-General of the State of Georgia, as set out in the findings of fact, are in violation of the equal protection and due process clauses of the Fourteenth Amendment of the Constitution of the United States, and amount to a deprivation of the rights of the plaintiff, W. L. Miller, under the provisions of 8 U.S.C.A. § 43.

The plaintiff, W. L. Miller, has no full, adequate and complete remedy at law.

The judgments rendered in the contempt proceeding against John E. Stoddard, Adjutant-General of the State of Georgia, and J. H. Skelton, Lieutenant Colonel, as aforesaid in said cause, in the Superior Court of Lanier County, Georgia, were for civil contempt, and the Governor of Georgia had no power or authority to grant pardons for such civil contempt, and his efforts to pardon the said Stoddard and the said Skelton in furtherance of his plan and purpose to obstruct the execution of the processes and judgments of the Court amounted to denying the plaintiff, W. L. Miller, due process and equal protection of the law.

The plaintiff is entitled to an interlocutory injunction against said defendants, E. D. Rivers, Governor of the State of Georgia, and John E. Stoddard, Adjutant-General of the State of Georgia, in terms and form as granted in the judgment and decree.