**MORGAN   v.   NULL et al.**

United States District Court
S. D. New York.
Nov. 25, 1953.

Judith Morgan, in pro. per.

Nathaniel L. Goldstein, Atty. Gen., Philip Watson, Asst. Atty. Gen., of counsel, for defendants Null and Lichtenstein.

WEINFELD, District Judge.

This action was commenced against various state officials and three psychiatrists connected with the Bellevue Hospital, New York City, to recover damages for serious bodily injuries and mental anguish claimed by plaintiff by reason of an alleged conspiracy to deprive her "of her civil rights and the equal protection of the laws, and for the substantial deprivation, denial and invasion thereof."

Two of the defendants, an assistant district attorney of New York County and the medical examiner for the district attorney, move to dismiss the action on three grounds: (1) that the Court lacks jurisdiction over the defendants as they are quasi judicial officers of the State of New York; (2) that no federal question is involved; and (3) that the complaint fails to state a claim upon which relief can be granted.

With respect to the first two grounds, defendants evidently overlook or disregard the fact that this action is brought under, and alleges violations of, Title 8, U.S.C. §§ 43, 47(2) and 47(3),* the Civil Rights Act. Immunity of state officials under state law from tort liability arising by reason of performance of official duties does not extend to a claim asserted under the Act.[1] The Civil Rights Statute gives the right of a civil action for deprivation of rights, privileges, and immunities secured by the Constitution or laws of the United States.[2] Federal jurisdiction is expressly conferred by 28 U.S.C. § 1343. The

---

\* See 42 U.S.C.A. §§ 1983, 1985.

[1]. The statute is aimed at all state officials, be they prosecutors (Ghadiali v. Delaware State Medical Soc., D.C.D.Del., 28 F. Supp. 841); judges (Picking v. Pennsylvania R. Co., 3 Cir., 151 F.2d 240, 242, rehearing denied, 3 Cir., 152 F.2d 753; Ex parte Virginia, 100 U.S. 339, 346, 25 L.Ed. 676); governors (Picking v. Pennsylvania R. Co., supra; Miller v. Rivers, D.C.M.D.Ga., 31 F.Supp. 540, reversed on other grounds, 5 Cir., 112 F.2d 439); mayors (Hague v. Committee for Industrial Organization, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423; Sellers v. Johnson, 8 Cir., 163 F.2d 877, certiorari denied, 332 U.S. 851, 68 S.Ct. 356, 92 L.Ed. 421); or other officials (e. g., McShane v. Moldovan, 6 Cir., 172 F.2d 1016; Burt v. City of New York, 2 Cir., 156 F.2d 791, 797). See Gregoire v. Biddle, 2 Cir., 177 F.2d 579, certiorari denied, 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363.

[2]. Cf. Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495.

motion to dismiss on the first two enumerated grounds is denied.

■ There remains the motion to dismiss the action on the ground that the complaint fails to state a claim upon which relief can be granted. The plaintiff appears pro se, and, as is not uncommon in such a situation, has drawn a disparate, redundant and prolix complaint. Although the complaint may be "hard to understand," the Court has construed the pleading with liberality as required under the rules to determine whether sufficient can be drawn from its allegations upon which to base a claim.[3]

The nub of plaintiff's complaint is contained in paragraph 4, which charges that the two moving defendants conspired "to injure and oppress plaintiff and to deprive her of her civil rights and the equal protection of the laws in that they would and did prevent and deprive plaintiff of her right and privilege to submit to a lawfully constituted grand jury, information on public official misconduct relating to the fraudulent, deceitful, deceptive and illegal practices of public officers and officials of the Psychiatric Division, Bellevue Hospital in the City of New York arresting and imprisoning sane citizens of the United States and residents of the State of New York under false pretenses while said officers and officials purported to act under the color of state laws." The plaintiff further alleges in paragraph 4 that by said conspiracy the two defendants "did impede, hinder, obstruct and defeat the due course of justice with the intent to deny to plaintiff the equal protection of the laws" and "for the purpose of preventing the constituted authorities from giving and securing to her the equal protection of the laws." These last allegations are set forth substantially in the language of the statute.[4]

Paragraph 5 and succeeding allegations of the complaint in substance charge that one of the moving defendants, the medical examiner for the district attorney, who is named as the "arch conspirator," in furtherance of the conspiracy "banded together" with other named defendants and, acting in concert with them, performed various overt acts.[5]

Thus, the basic claim of the plaintiff is grounded upon denial of "her right and privilege to submit to a lawfully constituted grand jury, information on official misconduct."

No specific Federal Constitutional or statutory provision grants one the right or privilege to submit to a state grand jury information with respect to state offenses. Plaintiff's right to relief must be bottomed upon an alleged abridgement of her right to the equal protection of the laws in violation of the Fourteenth Amendment to the Federal Constitution. Accordingly, the essential question is whether or not persons under New York State law have the right and privilege to submit to a grand jury information of official misconduct or other offenses so that a denial thereof, either under color of law or as the result of a wilful or malicious conspiracy, violates plaintiff's constitutional right to the equal protection of the laws guaranteed under the Fourteenth Amendment.

Neither the Constitution nor any statute of the State of New York contains

3. Rule 8(f), Federal Rules of Civil Procedure, 28 U.S.C.A.; Bomar v. Keyes, 2 Cir., 162 F.2d 136; Burt v. City of New York, 2 Cir., 156 F.2d 791; Dioguardi v. Durning, 2 Cir., 139 F.2d 774.

4. 8 U.S.C. § 47(2) gives a cause in favor of a party where " * * * two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State * * *, with intent to deny to any citizen the equal protection of the laws * * *"; and 8 U.S.C. § 47(3) in instances where " * * * two or more persons in any State * * * conspire * * * for the purpose of preventing or hindering the constituted authorities of any State * * * from giving or securing to all persons within such State * * * the equal protection of the laws * * *."

5. Collins v. Hardyman, 341 U.S. 651, 654, 71 S.Ct. 937, 95 L.Ed. 1253.

any provision which grants a person—other than a district attorney or a prospective defendant—the right or the privilege to appear before a grand jury, or to submit information to it with respect to alleged crimes. Inquiry into crime is committed to the grand jury,[6] and its prosecution to the district attorney.[7] The Code of Criminal Procedure of the State of New York defines the powers and duties of the grand jury and regulates its proceedings and also specifies the functions of the prosecutor with respect thereto.[8]

In general, the statute confers upon the grand jury the duty and the power to investigate crime and official misconduct within its jurisdiction,[9] to call witnesses before it, to act upon its own initiative or on information from whatever source deemed reliable, or on the basis of matters directed to its attention by the district attorney. The district attorney is the official legal adviser of the body. Whenever required by the grand jury, the district attorney must attend them for the purpose of examining witnesses in their presence.[10]

The statute commands the grand jury to hear but two groups: one is the district attorney; the other, prospective defendants. In the case of the district attorney, upon his request he "must be allowed, at all times, to appear before the grand jury * * * for the purpose of giving information relative to any matter before them, but * * * shall [not] be present with the grand jury during the expression of their opinions or the giving of their votes upon any matter."[11]

The only other person who "as a matter of right" may demand to be heard before the grand jury is one who has reason to believe that it is investigating a charge that he has committed a crime.[12] In the event he complies with the statute which requires him, among other matters, to sign a waiver of immunity, the grand jury "shall hear such person * * * and need not hear any witness on his behalf unless the grand jury so desires". Should a grand jury return an indictment without hearing such person, the Court is required to set it aside on the defendant's motion. Apart from these statutory provisions, New York State does not grant any person the right or privilege to submit information to, or to be heard by, a grand jury.

The grand jury is an independent body which functions as an arm of the Court. It may hear any person whom it desires, but it is under no compulsion to do so.[13] A grand jury "* * * is in some aspects a separate and independent tribunal, free from the restraint of the court, and at liberty to decide upon its own methods of procedure in so far as they are not controlled by statute or immemorial usage having the force of law. One of the attributes and powers of this independent existence is to decide when and in what order witnesses shall be called, and, to some extent, who shall be called. For all the ordinary purposes of procuring evidence a grand jury is a distinct body clothed with authority to conduct the examination of witnesses in any way that does not conflict with established legal rules."[14]

6. New York State Constitution, Art. 1, § 6; New York Code of Criminal Procedure, § 252.

7. New York County Law, McK.Consol. Laws, c. 11, § 700.

8. New York Code of Criminal Procedure, §§ 223–267.

9. Id. at §§ 252, 260, subd. 2; People ex rel. Livingston v. Wyatt, 186 N.Y. 383, 391, 79 N.E. 330, 10 L.R.A.,N.S., 159.

10. New York Code of Criminal Procedure, §§ 262–264; People v. Hopkins, 182 Misc. 313, 47 N.Y.S.2d 222.

11. New York Code of Criminal Procedure, § 264.

12. Id. at § 257, subd. 2.

13. While at times requests to a grand jury have brought forth invitations to appear before that body, this informal practice does not give a person a right to appear and be heard, and at best involves an exercise of discretion.

14. People v. Sexton, 187 N.Y. 495, 513–514, 80 N.E. 396, 402.

■ And just as the grand jury is the sole judge as to what persons it will hear and permit to submit evidence before it (except as the statute otherwise requires), so the district attorney, charged by law with the prosecution of crime, is the sole judge of what recommendations to make to the grand jury for indictment for crime committed within his county.[15]

While both the grand jury and the district attorney in the performance of their respective functions have the power to compel the attendance of witnesses before the grand jury, and indeed there is a duty upon every citizen to give evidence when called upon to do so, there is no right on the part of persons, no matter how well intentioned and concerned with the public weal, to submit what they believe to be evidence of crime to a grand jury. While citizens have a proper concern for the enforcement of criminal law, the duty of enforcing it is not upon them, but upon those charged with responsibility by law.

■ Mandamus will not lie to compel the grand jury to take jurisdiction of plaintiff's grievance and compel it to receive information from the plaintiff. Neither will it lie to compel the district attorney to consider and present her complaint to the grand jury.[16] Parenthetically, it is noted that the statute provides a means for persons to lay an information charging the commission of a crime before a magistrate, who is required to examine the informant and any witnesses he may produce.[17] Also, in a proper case the district attorney may be superseded and the attorney general placed in charge with power to appear before the grand jury.[18]

New York State has long denied any right of a person to submit information to, or to be heard before, a grand jury. The rule was enunciated many years ago in People v. Sellick, 1886, 4 N.Y.Cr.R. 329, and has been adhered to since.[19] Directly involved in Sellick was the question whether a person had a right to communicate with a grand jury and to submit evidence of alleged crime. A private attorney, representing a girl who had been raped, requested the grand jury to investigate the charge because he believed "that the district attorney might not present the case to the grand jury since he might think there is nothing to it." In setting aside the indictment returned by the grand jury the court said:

"* * * if one person who honestly believes an indictment should be found may write letters to, and hold conversations with, grand jurors, urging them to investigate a case to that end, may not any other person who honestly believes an indictment should not be found do the same things to that end? And if this may be done by one person, it may be done by all; and if it may be done with one grand juror, it may be done with all; and what a spectacle would this present, giving the right to every person, as soon as a grand jury is drawn, to labor with each individual member thereof, at his home, upon the street, or in place of business, by speech, by writing and by printing, to adopt the views of every such person, either to find, or not to find, an indictment in each particular case. * * *"

In Matter of Gardiner, 31 Misc. 364, 64 N.Y.S. 760, the ruling in the Sellick case was followed. There the court, re-

---

15. Cf. People v. Florio, 301 N.Y. 46, 53, 92 N.E.2d 881.

16. Cf. Allen v. Corsano, D.C.D.Del., 56 F. Supp. 169.

17. New York Code of Criminal Procedure, § 148; see also People ex rel. Livingston v. Wyatt, 186 N.Y. 383, 79 N.E. 330, 10 L.R.A.,N.S., 159.

18. New York Executive Law, McK.Consol. Laws, c. 18, § 63, subd. 2.

19. Matter of Gardiner, 31 Misc. 364, 64 N.Y.S. 760; People v. Walsh, 92 Misc. 573, 156 N.Y.S. 366.

ferring to the oft-quoted grand jury charge of Mr. Justice Field, stated:

"* * * It is a principle of universal law that persons shall not be allowed to appear as solicitors before the grand jury. In Commonwealth v. Salter, 2 Pears. [Pa., 461,] 466, the court said, 'The right of neither the commonwealth nor the accused is to be jeopardized by the presence and action of such an intruder.' Mr. Justice Field, in the charge to which I have already referred, directed, in strong terms, the grand jury not to allow private prosecutors to intrude themselves into the grand-jury room and present accusations."[20]

Thus, it is clear that there is no right either under the New York State Constitution, any of its statutes, or by its recognized common law which grants to individuals a right to submit information to a grand jury. Since no such right or privilege exists in New York State, plaintiff has been treated no differently from any other citizen of the state and has not been discriminated against nor denied the equal protection of its laws. Accordingly, plaintiff fails to state a claim based upon an alleged conspiracy on the part of the defendants "acting under color of law" to deny her the equal protection of the laws under the Fourteenth Amendment. The motion to dismiss for failure to state a claim is granted.

It is noted, however, the averments of the overt acts in furtherance of the alleged conspiracy may, if properly pleaded, constitute a claim against certain, not all, of the defendants, for wilfully depriving or attempting to deprive her under color of law or office of the equal protection of the laws and due process of law. If plaintiff desires to assert such claims, they should be properly pleaded in accordance with Rule 8(a) of the Federal Rules of Civil Procedure, requiring "a short and plain statement of the claim."

The motion is granted to the extent indicated, with leave to plaintiff to plead anew.

Settle order on notice.

---

20. Matter of Gardiner, 31 Misc. 364, 373, 64 N.Y.S. 760, 766. See also United States v. Remington, 2 Cir., 208 F.2d 567. Judge Learned Hand in dissent notes that: "* * * in modern times all prosecution is in the hands of officials. It was not so in ancient times when a private person might appear before a grand jury and present his grievance, and when the initiative in criminal prosecution depended for the most part upon the victim's desire to retaliate."