## MORGAN v. NULL et al.

United States District Court
S. D. New York.
April 29, 1954.

Judith Morgan, in pro. per.

Nathaniel L. Goldstein, Atty. Gen., by Philip Watson, New York City, of counsel, for defendant.

EDELSTEIN, District Judge.

This is an action under the Civil Rights Statutes, 42 U.S.C.A. §§ 1983 and 1985(3), to recover damages for an alleged "deprivation of plaintiff's civil rights, privileges and immunities, under color of state law; and malicious conspiracy to deprive plaintiff of the equal protection of the law * * *" on the part of (under the amended complaint) an assistant district attorney of New York County and the medical examiner for the district attorney, in addition to several psychiatrists connected with the Bellevue Hospital in New York City. A motion to dismiss for failure to state a claim has previously been granted by Judge Weinfeld, D.C., 117 F.Supp. 11, with leave to amend to assert claims against "certain" of the defendants in a complaint consistent with Rule 8(a) of the Federal Rules, 28 U.S.C.A. The plaintiff has filed an amended complaint, omitting one of the original defendants and making an acceptable attempt to submit a "short and plain statement of the claim". The assistant district attorney and the medical examiner move anew to dismiss on the ground of the failure to state a claim against them, and on the ground that the plaintiff has failed to comply with Judge Weinfeld's order authorizing the amendment. The moving defendants further ask for summary judgment in their favor.

The complaint alleges, essentially, that the defendants participated in a conspiracy whereby under color of

**804**

state law plaintiff was unlawfully seized from the privacy and security of her home and detained or "imprisoned" in Bellevue Hospital, where she was brutally assaulted. The moving defendants are alleged to have committed certain overt acts in furtherance of the conspiracy. By such allegations the plaintiff apparently intended to state a cause of action for the denial of liberty without due process, 42 U.S.C.A. § 1983, and also a cause of action for conspiracy to deny equal protection of the laws, 42 U.S.C.A. § 1985(3). It is apparent, however, that the plaintiff has failed to state a cause of action under the latter section. The complaint, in order to state a claim upon which relief can be granted under section 1985(3), must not only charge a state officer with deliberately misinterpreting or misusing a statute against the plaintiff, but also with purposely singling out plaintiff for such misinterpretation or misuse. Merely to allege that the plaintiff has been the victim of deliberate abuse of power by state officials is not enough; it must in addition be asserted that plaintiff is the victim of "purposeful discrimination". Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497; Burt v. City of New York, 2 Cir., 156 F.2d 791. There is no allegation that the plaintiff was subjected to any greater hazard than any other individual in the state, however atrocious the realization of that hazard in her case (if it was realized) may have been.

Nevertheless, I feel that the plaintiff has stated a valid cause of action under section 1983. The plaintiff appears *pro se*, and in a suit for the protection of civil rights the court should endeavor to construe plaintiff's pleadings without regard for technicalities. Picking v. Pennsylvania R. Co., 3 Cir., 151 F.2d 240, 244. Thus liberally read the complaint alleges in substance that the defendants, officers of New York, acting under color of law, deprived the plaintiff of liberty without due process of law. See Picking v. Pennsylvania R. Co., supra, 151 F.2d at pages 247–249. It is likely that she will have great difficulty in proving the allegations she has made, but in actions under the Civil Rights Act "any public officer of a state, or of the United States, will have to defend any action brought in a district court * * * in which the plaintiff, however irresponsible, is willing to make the necessary allegations." Burt v. City of New York, supra, 156 F.2d at page 793.

The defendants' motion for summary judgment must be denied on the ground that the plaintiff's affidavit, although replete with characterizations and conclusions, nevertheless is sufficient to place in issue material facts concerning certain of the conduct charged to the moving defendants, and this, of course, entirely aside from any issue of credibility.

Accordingly, the defendants' motions are denied.