■ In the Matter of ROBERT M. MORGENTHAU, as District Attorney of the County of New York, Petitioner, v BENJAMIN ALTMAN et al., Respondents. — Application for a writ of prohibition denied, and the petition dismissed, without costs and without disbursements. Concur — Kuperman, J. P., Sandler, Carro and Milonas, JJ.

Lupiano, J., dissents in a memorandum as follows: This is a proceeding brought pursuant to CPLR article 78 for a judgment in the nature of a writ of prohibition. Petitioner is the District Attorney of New York County and is responsible for the prosecution of criminal cases that arise in New York County. On January 9, 1982, respondent Vincent Futia was arrested and charged with assault in the second degree, criminal possession of a weapon in the fourth degree and resisting arrest. Futia was arraigned on these charges on January 10, 1982, and during the arraignment served written notice that he wished to make a statement before the Grand Jury pursuant to CPL 190.50 (subd 5, par [a]). On January 26, 1982, Futia waived a preliminary hearing on the felony complaint. On March 5, 1982, Futia appeared with his counsel at the scheduled time to testify before the Grand Jury. Prior to entering the Grand Jury chamber, counsel for Futia inquired if any witnesses had yet testified in connection with the pending complaint against Futia. When the prosecutor refused to answer, Futia moved for an order compelling the District Attorney to present the People's witnesses to the Grand Jury before Futia testified. Respondent Justice Benjamin Altman, by order dated March 24, 1982, granted that motion and directed the prosecutor to submit the People's case to the Grand Jury before Futia testified. The prosecutor thereupon initiated the instant article 78 proceeding in the nature of prohibition to challenge respon-

dent Altman's order, contending that such order constituted a "gross and impermissible arrogation of power reserved to the Grand Jury and the District Attorney." "Although the grand jury is an arm of the court, and the court is authorized to give general instructions to the grand jury, the court does not have the power to control the witnesses or documentary evidence going before the grand jury". (1 Wharton, Criminal Procedure [12th ed], § 213.) The New York Court of Appeals in a succinct and definitive statement has embraced the general view that the court does not have the power to control the witness or evidence going before the Grand Jury: "A grand jury, although for some purpose a part of the court in connection with which it is convened, is in some aspects a separate and independent tribunal, free from the restraint of the court, and at liberty to decide upon its own methods of procedure in so far as they are not controlled by statute or immemorial usage having the force of law. One of the attributes and powers of this independent existence is to decide when and in what order witnesses shall be called, and, to some extent, who shall be called. For all the ordinary purposes of procuring evidence a grand jury is a distinct body clothed with authority to conduct the examination of witnesses in any way that does not conflict with established legal rules. The court has no general control over witnesses summoned before a grand jury except to punish them for contumacy or contempt" (*People v Sexton,* 187 NY 495, 513-514; see *Morgan v Null,* 117 F Supp 11; Power of Court to Control Evidence or Witnesses Going Before Grand Jury, Ann., 52 ALR3d 1316, 1319-1321). CPL 190.50 (subd 5), pursuant to which Futia exercised his right to testify before the Grand Jury "details the obligations of the district attorney and the grand jury" once the right has been validly exercised, i.e., a proper request and execution of a waiver of immunity (Denzer, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 190.50, p 145). In delineating the obligations of the District Attorney and the Grand Jury where a defendant has properly exercised his right to appear in his own behalf before the Grand Jury, the statute is silent respecting the order in which witnesses shall be called. No impingement upon the Grand Jury's freedom to decide its own methods of procedure regarding the order in which witnesses are called is effected by said statute. "In this State the Grand Jury derives its power from the Constitution and acts of the Legislature * * * It is not only 'sworn to inquire of crimes committed or triable in the county' * * * but by statute it is given the power, and the duty is enjoined upon it to 'inquire into all crimes committed or triable in the county, and to present them to the court' * * * *Traditionally, our courts have afforded the Grand Jury the widest possible latitude in the exercise of these powers and insisted that in the absence of a clear constitutional or legislative expression they may not be curtailed*" (*People v Stern,* 3 NY2d 658, 661; emphasis supplied). There is no occasion for varying that policy here. The vice of the order issued herein which directs the order of witnesses before the Grand Jury is not only that it infringes on the power of the Grand Jury, but that it implicitly misperceives the fact that the Grand Jury "[does] not try defendants but is only an inquisitorial arm of the court. Its function is to investigate offenses by hearing and examining evidence and to determine whether to permit the prosecution of those offenses" (1 Waxner, NY Crim Prac, § 8.2). CPL 190.50 provides specifically that both the District Attorney and the Grand Jury may call anyone believed to possess relevant information or knowledge (subds 2, 3) and that a defendant or prospective defendant has no right to require the Grand Jury to call defense witnesses, but may request that they be called (subd 6). The potential mischief of the order compelling the District Attorney to present the People's witnesses to the Grand Jury before defendant testifies as it affects the aforesaid provisions of

CPL 190.50 is readily apparent. It is well recognized that prohibition is available to prevent a court from exceeding its authorized powers or to restrain an unwarranted assumption of jurisdiction. As aptly noted in *La Rocca v Lane* (37 NY2d 575, 579-581): "If, however, a court acts without jurisdiction, or acts or threatens to act in excess of its powers, other principles are applicable. Prohibition is not mandatory, but may issue in the sound discretion of the court * * * The gravity of the harm which would be caused by an excess of power is an important factor to be weighed * * * If * * * appeal or other proceedings would be inadequate to prevent the harm, and prohibition would furnish a more complete and efficacious remedy, it may be used even though other methods of redress are technically available * * * On this analysis, it is crucial to distinguish between an error in procedure or substantive law during a litigation and the arrogation of power which is subject to correction by prohibition * * * At one extreme, a trivial error in excess of jurisdiction may be just that, trivial, and hardly worthy of treatment as an excess of power. On the other hand, at the other extreme, a gross abuse of power on its face and in effect may be in reality so serious an excess of power incontrovertibly justifying and requiring summary correction * * * The law generally and the extraordinary remedy of prohibition has not developed as a linguistic exercise but as a response in language and concept to the recognized needs and accommodations in a society governed by the rule of law. There is a larger logic than that delineated by etymology. To eliminate or minimize the concept of an excess of power, on presumed verbalistic grounds, would undermine a common-law principle of ancient standing and the continuous statutory statement of that principle". Viewed in light of the aforesaid, petitioner's claim of "arrogation of power" by respondent Altman is substantial. The issue thus raised goes to the very authority or power of the Grand Jury and the purported constraint on that power or authority attempted by the court in excess of its power under the guise of general supervision of the Grand Jury proceeding. We are not confronted by a mere mistake or error in procedure or substantive law during litigation. Such issue may and should, in the court's discretion, be reviewed by way of prohibition (see *Matter of Dondi v Jones,* 40 NY2d 8; see, also, *Matter of Proskin v County Ct. of Albany County,* 30 NY2d 15). Recently the Court of Appeals has again noted that "our courts have traditionally given the Grand Jury the widest possible latitude in the exercise of its powers to inquire into possible criminal activity" (*Matter of Grand Jury Proceedings* [*Doe*], 56 NY2d 348, 352) and has had occasion to declare that "it is for the Grand Jury to determine the most efficacious procedure to carry out its investigation" (*Matter of Keenan v Gigante,* 47 NY2d 160, 169), citing the United States Supreme Court in *Branzburg v Hayes* (408 US 665, 701), wherein it was observed: "The role of the grand jury as an important instrument of effective law enforcement necessarily includes an investigatory function with respect to determining whether a crime has been committed and who committed it. To this end it must call witnesses, *in the manner best suited to perform its task.* 'When the grand jury is performing its investigatory function into a general problem area * * * society's interest is best served by a thorough and extensive investigation.' *Wood* v. *Georgia,* 370 U.S. 375, 392 (1962). A grand jury investigation 'is not fully carried out until every available clue has been run down and all witnesses examined in every proper way to find if a crime has been committed.' *United States* v. *Stone,* 429 F.2d, 138, 140 (CA2 1970)" (emphasis added). CPL 190.50 continues the tradition of limited judicial participation in controlling witnesses before the Grand Jury. As already noted, it confers authority to call witnesses on only the Grand Jury and the District Attorney. A necessary correlative of the power to call witnesses is the power to

determine when, and in what order witnesses are to be heard. Toward that end, the Grand Jury is given broad subpoena powers to compel the attendance of witnesses (see *Virag v Hynes,* 54 NY2d 437). Similarly, the District Attorney is given broad discretion to determine the manner in which his evidence is presented to the Grand Jury (see *People v Di Falco,* 44 NY2d 482, 486-487). The Grand Jury proceeding is not a dress rehearsal for trial. There is no right of cross-examination or introduction of evidence to rebut a prosecutor's presentation. CPL 190.30 (subd 1) provides that "[e]xcept as otherwise provided in this section, the provisions of article sixty governing rules of evidence and related matters with respect to criminal proceedings in general, are, *where appropriate,* applicable to grand jury proceedings" (emphasis supplied). CPL article 60, entitled "Rules of Evidence And Related Matters", does not contain any provision relating to the order of proof. Further, the language of CPL 190.50 (subd 5, par [a]) impels the conclusion that the Legislature has entrusted the Grand Jury and its legal advisor, the District Attorney, with the power to determine the order of witnesses to appear before that body. The harm and mischief engendered by the subject order is manifest. It paves the way for unnecessary disruption of Grand Jury investigations by permitting potential target witnesses to request the court to compel the prosecutor to follow a particular order of witnesses. It creates the real possibility that persons guilty of criminal conduct could be inadvertently immunized from prosecution. The prosecutor who is compelled to produce his witnesses before hearing the substance of defendant's claims, could unwittingly bestow transactional immunity on those other persons who testify in the Grand Jury. By hearing the defendant's testimony at a time deemed suitable by the Grand Jury by the District Attorney, the prosecutor avoids this potential trap by either not calling such witnesses or by requiring them to waive immunity prior to their testimony before the Grand Jury. Succinctly stated, respondent Altman's order directly usurps powers historically and statutorily vested in the Grand Jury and the District Attorney. This arrogation of power, based on an erroneous view of Grand Jury proceedings, must be nullified. Accordingly, the petition to prohibit enforcement of the order of the Supreme Court, New York County (Altman, J.), dated March 24, 1982, should be granted.